**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marvin GUON, Defendant-Appellant.**

**No. 26668.**

United States Court of Appeals, Ninth Circuit.

May 19, 1971.

Rehearing Denied June 15, 1971.

John A. Pickard (argued), of Dardano & Mowry, Portland, Or., for defendant-appellant.

Michael Morehouse, Asst. U. S. Atty. (argued), Sidney I. Lezak, U. S. Atty., Portland, Or., for plaintiff-appellee.

Before CHAMBERS, Circuit Judge, MADDEN, Judge, United States Court of Claims and DUNIWAY, Circuit Judge.

PER CURIAM:

Guon was convicted under both counts of an indictment charging violation of 18 U.S.C. § 1010.

The only point raised that merits consideration arises under Count I. That count charges that Guon, in an application for a bank loan to be insured by the Department of Housing and Urban Development, failed to list, as required, "an Internal Revenue Service tax lien in the sum of $2,037.68, entered against * * * Guon on or about August 23, 1967." The application form required answers to two pertinent questions: (1) "Do you have any past-due obligations owed to * * * any agency of the Federal Government?" and (2) "Debts: list all fixed obligations. * * *." Guon answered the first question "No" and did not list a Federal tax obligation in response to the second.

The evidence is that on August 23, 1967, Guon and his accountant filed income tax returns of Guon for the years 1962, 1963, 1964 and 1966, disclosing liabilities of over $2,000 which were unpaid when Guon signed the loan application on November 15, 1967. There is no question that Guon knew that he owed the money. His claim is that there was no tax lien, and in this he is correct.

The record discloses no demand (26 U.S.C. § 6321) and no filing of a lien before November 15, 1967.

The variance, however, is harmless. Rule 52(a), F.R.Crim.P. The indictment did describe a past due obligation to an agency of the Federal Government; it did describe a fixed liability. Use of the word "lien" was unnecessary; Guon knew what was involved; at trial he never mentioned the variance of which he now complains. He admitted that he knew that he owed the taxes, but claimed that he did not know the precise amount.

Guon's attack on the court's instructions is foreclosed by Rule 30, F.R.Crim.P.

No other point merits discussion.

Affirmed.