Ruth Hand GIBBS and William Chadwick Gibbs, Plaintiffs,

v.

COMMISSIONER OF the INTERNAL REVENUE SERVICE, et al., Defendants.

Civ. A. No. CV87–PT–0507–M.

United States District Court,
N.D. Alabama,
Middle Division.

July 30, 1987.

William Chadwick Gibbs, pro se.

Ruth H. Gibbs, pro se.

Frank W. Donaldson, U.S. Atty., Caryl P. Privett, Asst. U.S. Atty., Birmingham, Ala., Lance J. Wolf, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

PROPST, District Judge.

This matter is before the court upon defendant's Motion to Dismiss filed on June 18, 1987 and converted by the court into a motion for summary judgment.

The facts giving rise to this matter are briefly stated as follows:

William Chadwick Gibbs (Gibbs) failed to file income tax returns for the taxable years 1976 through 1979, inclusive. The Internal Revenue Service reconstructed his income for the taxable years 1975 through 1979 and then issued a statutory notice of deficiency to him for those five years, proposing income tax and fraud penalties. Mr. Gibbs properly filed a petition in the United States Tax Court disputing the proposed assessment. By Memorandum Sur Order dated February 6, 1986 and Order entered February 7, 1986, the United States Tax Court upheld tax deficiencies and penalties totalling $192,727.00. The defendants [1] made assessment(s) against Gibbs in said amount.

The Internal Revenue Service also proposed transferee liability against Ruth Hand Gibbs (Mrs. Gibbs), as a transferee of

---

1. The court uses the term "defendants" to indicate the entity(s) which took various actions whether such entity(s) are properly named herein or not.

property of Gibbs, and issued a statutory notice against her for deficiencies totalling $149,900.00. Mrs. Gibbs also filed a petition with the United States Tax Court to dispute her liability as the transferee of her husband. The Tax Court upheld the transferee liability in full.

On May 30, 1986, based on the Tax Court holding of transferee liability, a tax assessment was made against Mrs. Gibbs pursuant to Section 6901 of the Internal Revenue Code in the amount of $149,786.00. Notices of Federal Tax Liens have been filed in various Alabama counties against the plaintiffs.

The plaintiffs brought this Complaint for Preliminary and Permanent Injunction for Wrongful Seizure of Third Party Property. The plaintiffs request that the court issue an injunction against the sale on/or seizure of their assets and that the defendants be ordered to cease and desist in any further collection activities with regard to the plaintiffs' property.

The defendants' first argument in support of dismissal is that the plaintiffs have failed to sue a proper party. The action was brought against the Commissioner of the IRS, Robert F. Freeman, Revenue Officer and Carroll F. Cooper, Revenue Officer. Defendants argue that "... Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized either or any of them to be sued *eo nomine*." *Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d 672, 673 n. 3 (5th Cir.1976). *See also, Peterson v. United States*, 511 F.Supp. 250 (D.C.Utah 1981). Plaintiffs counter that the proper parties were named

because the Commissioner and his agents acted outside the scope of their authority. They cite *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), to support their contention that a deliberate violation of their constitutional rights gives rise to a cause of action against the individual agents. Plaintiff also states that *Midwest Growers Coop Corp. v. Kirkemo*, 533 F.2d 455 (9th Cir.1975) upheld the properiety of injunctive relief in such a case. *Midwest* dealt with an action seeking injunctive relief against both the I.C.C. and the United States. The court stated,

> Insofar as the injunction seeks to restrain the United States and its agencies, it is barred by the doctrine of sovereign immunity. It is well established that suits to enjoin the United States or its agencies, like damage suits, cannot be maintained unless the Government first consents.
>
> \*   \*   \*   \*   \*   \*
>
> Although sovereign immunity does not bar the suit against the federal agents named as defendants, since they are alleged to have acted illegally *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 689, 69 S.Ct. 1457, 1461, 93 L.Ed. 1628, 1635 (1949), we question the propriety of enjoining the individual defendants from making any use of the information obtained through the search of Midwest's office.

*Id.* at 465.

Plaintiffs alternatively seek leave of court to add the United States as a party in order to seek redress under 26 U.S.C. § 7426.[2] While there may be merit to the

---

**2.** 26 U.S.C. § 7426 provides in pertinent part:

(a) Actions permitted.—

(1) Wrongful levy. If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary [of the Treasury] or his delegate.

However,

Subsection (d) of section 7426 makes it abundantly clear that actions under this section are to be brought against the United States rather than individual officers of the federal government:

(d) Limitation on rights of action.—No action may be maintained against any officer or employee of the United States (or former officer or employee) or his personal representative with respect to any acts for which an action could be maintained under this section.

defendants' position on this ground, and while there may be a question as to whether the court should be considered as an action against the United States, the court has concluded to allow said amendment and to consider the case on the merits.

The defendants also assert that this action should be dismissed because the requested injunctive relief is barred by 26 U.S.C. § 7421. This statute, also known as the Anti–Injunction Act, provides, in part, as follows:

(a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining and assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Although the purpose of the Anti–Injunction Act is to protect tax revenues, *South Carolina v. Regan,* 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984), there are exceptions to the prohibition of suit. The defendant claims these exceptions are inapplicable.[3] Defendant also argues that the narrow, judicial exception to § 7421 which was created by the Supreme Court in *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) does not apply. In *Enochs,* the court held § 7421(a) inapplicable only "if it is clear that under no circumstances could the government ultimately prevail.... and if equity jurisdiction otherwise exists." *Id.* at 7, 82 S.Ct. at 1129.

■ Defendants allege that plaintiffs have failed to meet the first part of the narrow judicial exception to § 7421 since

they have failed to show that under any circumstances the Government will not succeed on the merits. The plaintiffs first assert that the seizure of bank accounts and homestead property is without due process and violated their constitutional rights. However, plaintiffs had their opportunity to litigate their liability for these taxes in the United States Tax Court. Due process has not been violated since all of the statutory procedures regarding assessment, seizure, and sale of a taxpayer's property have been complied with. *Tavares v. United States,* 491 F.2d 725 (9th Cir.1974); *Adams v. Cocoris,* 43 A.F.T.R.2d 73–309 (N.D.Ala.1978).

■ Plaintiffs acknowledge that the ability to pay the tax liability and then file a refund suit provides an adequate remedy at law, thereby negating equitable jurisdiction as required by the *Enochs* exception. However, plaintiffs urge that the assessments herein far exceed their estate and that irreparable injury would result if they pay the tax liability. However, the *Enochs* Court stated a suit to enjoin the collection of taxes "may not be entertained merely because collection would cause irreparable injury, such as ruination of a taxpayer's enterprise." *Enochs,* 370 U.S. at 6, 82 S.Ct. at 1129.

■ Plaintiffs further argue that the government cannot succeed upon the merits (as required by *Enochs*) because the interest of Mrs. Gibbs was not transferred from her husband. They claim that she has a separate interest in the property and that under Alabama law the separate property of a woman remains so and shall not be used to satisfy her husband's debts.[4]

---

*Peterson v. United States,* 511 F.Supp. 250 (D.C. Utah 1981). 26 U.S.C. § 7426(e) allows liberal substitution of the U.S. as a party.

**3.** Sections 6212 and 6213 apply when a taxpayer seeks review by the Tax Court of a notice of deficiency (a procedure not available under § 6672); § 6672(b) applies only when the responsible person has filed a bond within 30 days of the assessment to ensure collection; § 6694 applies to certain return preparer penalty proceedings; § 7426 applies in certain wrongful levy actions and is discussed, *infra*;

and § 7429 applies in proceedings to review jeopardy assessments.

**4.** No facts have been presented to support any separate interest which Mrs. Gibbs may have in the property in question. To the extent that she had a separate interest not transferred to her by Gibbs, the tax lien would presumably not affect that interest, if any. In any event, no decision or order of this court should be construed as so holding one way or the other. The tax lien is effective only to the extent of and would affect such interest of Mrs. Gibbs as is provided under federal law and as determined by the Tax Court.

Defendants counter that Section 6901 of the Internal Revenue Code allows the Internal Revenue Service to collect taxes from the assets the taxpayer transfers to a third-party nontaxpayer. This transferee liability is assessed, paid and collected in the same manner as the underlying tax liability. All of the correct administrative and judicial procedures in assessing Mrs. Gibb's liability as the transferee of Gibbs' assets were followed. The Internal Revenue Service sent Mrs. Gibbs the statutory notice of transferee liability; she disputed her liability with the United States Tax Court; and the Tax Court found her liable as the transferee of Gibbs. Defendants also assert that to the extent that plaintiffs attempt to contest the decisions of the Tax Court, they are barred from so doing. The final decisions of the United States Tax Court are *res judicata* and conclusive as to all matters decided therein as well as all matters which could have been decided; accordingly, defendants urge that plaintiffs are precluded from contesting the underlying assessments. *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1947); *United States v. Riley*, 58 AFTF 2d 86–6222 (N.D.Cal.1986); *United States v. Nicewonger*, 47 AFTR2d 81–441 (S.D.Ala.1980); *Roberts v. United States*, 423 F.Supp. 1314 (C.D.Cal.1976).

■ The plaintiffs next argue that the seizure of their property was without due process and in violation of the Internal Revenue laws. Defendants argue that pursuant to Section 6301 of the Internal Revenue Code, the Secretary of the Treasury is required to collect all Internal Revenue taxes. Pursuant to Section 6321, if a person liable for taxes neglects or refuses to pay the taxes after demand, a lien in favor of the United States attaches to *all property and rights to property* whether real or personal, belonging to such person. Pursuant to Section 6331 of the Internal Revenue

Code, within 10 days after notice and demand to a person liable for taxes, it is lawful for the Secretary (or any delegate thereof) to collect such tax *by levy upon all property and rights to property* belonging to such person. Levy expressly includes the power of distraint and service by any means. (I.R.S. Section 6331(b)). Pursuant to Section 6335 of the Internal Revenue Code, property seized may be sold by the Secretary. The authority of a revenue officer to administer and enforce the Internal Revenue laws is delegated to him from the Secretary or his delegate. Section 7701(a)(11)(B) of the Internal Revenue Code. Treas.Reg. § 301.7701. "Secretary," when used in the Internal Revenue Code means Secretary of the Treasury or his delegate. Under Section 7701(a)(12)(A)(i) of the Internal Revenue Code, the phrase "or his delegate" means any officer, employee or agency of the Treasury Department authorized by the Secretary directly or indirectly by one or more redelegations of authority to perform the function mentioned. Revenue officers are specifically delegated and charged with the responsibility for collection of taxes. Thus, defendants urge that plaintiffs' arguments are meritless.

■ The plaintiffs final assetion is that § 7426(b)(1) vests this court with jurisdiction to grant the injunctive relief sought.[5] However, this remedy lies only in favor of a third party. Relief thereunder is denied to "the person against whom is assessed the tax out of which the levy arose." The assessments herein were made against both Gibbs and Mrs. Gibbs. The levies which are the subject of this action arose pursuant to those assessments. "Clearly, the section [7426] was not intended for those assessed as transferees." *Shannon v. United States*, 521 F.2d 56, (9th Cir. 1975).

5. 26 U.S.C. § 7426(b)(1) states,
   (b) *Adjudication.*—The district court shall have jurisdiction to grant only such of the following forms of relief as may be appropriate in the circumstances:
      (1) *Injunction.*—If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale.

The plaintiffs have not denied nor offered any evidence to refute the fact that there respective tax liabilities have been determined by the Tax Court. Further, there is no dispute that the tax assessment and lien notices were premised on their tax liability as determined by the Tax Court. It is apparent that plaintiffs would have this court reconsider the tax liability which has been determined by the Tax Court. This the court cannot do. *See Commissioner v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948) and *Finley v. United States,* 612 F.2d 166, 170 (5th Cir. 1980). All other action taken by the defendants (or the United States) has been premised on the Tax Court's determination of liability. *Bivens* is not applicable. Plaintiffs were afforded due process before the Tax Court. *Tavares v. United States,* 491 F.2d 725 (9th Cir.1974).

The court determines, in the alternative, that it cannot entertain this action because of 26 U.S.C. § 7421.

The action will be dismissed.