Howard EGBERT, Plaintiff,

v.

UNITED STATES of America,
Defendant.

and

UNITED STATES of America, Plaintiff,

v.

Howard EGBERT, Defendant.

Nos. C89–0219J, C90–0084J.

United States District Court,
D. Wyoming.

Dec. 2, 1990.

Richard Mathey, Green River, Wyo., for plaintiff.

Philip Blondin, Washington, D.C., Richard Stacy, Cheyenne, Wyo., for U.S.

Howard Egbert, Rock Springs, Wyo., pro se.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALAN B. JOHNSON, District Judge.

The above captioned matters came before the Court for hearing on pending dis-

positive motions on June 11, 1990 and September 26, 1990. The cases have been consolidated to decide the motions for summary judgment made by the United States in C89–0219 and C90–0084 and a cross motion for summary judgment made by Howard Egbert in C90–0084. The court, having considered the materials on file both in support of and in opposition to the motions, having considered the arguments of the parties, and being fully advised in the premises, FINDS and ORDERS as follows:

## BACKGROUND

These cases arise from Howard P. Egbert's failure to file federal income tax returns for the 1978 through 1983 tax years, resulting in a determination of tax deficiencies against him by the Internal Revenue Service. The Government contends that they properly assessed Egbert for his tax deficiencies, properly notified him and demanded payment but that he failed to voluntarily pay the tax. In an effort to collect the tax administratively, the Government filed Notices of Federal Tax Lien with the Sweetwater County, Wyoming, Clerk naming Egbert as taxpayer and served Notice of Levy on Egbert's employer, attaching Egbert's wages. Additionally, the Government levied on Egbert's bank account and seized and sold his pickup truck. The Government then proceeded civilly against Mr. Egbert by filing a complaint in this court seeking to reduce Mr. Egbert's tax liability to judgment. Egbert countered by filing a complaint on August 3, 1989, contending that the levies and liens placed on his property and wages were unlawful and constitute a deprivation of liberty and property without due process. The claim is premised upon allegations that the Government failed to properly assess his tax liability, failed to notify him of any assessment and failed to demand payment before recording liens and seizing his property. Egbert seeks a decree quieting title to the property seized from him, the return of the truck sale proceeds, damages for unlawful disclosure of tax return information, an order removing liens and levies, an injunction preventing further unauthorized disclosures and summary judgment in the collection suit.

## JURISDICTION

Howard Egbert asks this court to review the propriety of government action resulting in liens and levies on his property in connection with the procedural requirements of 26 U.S.C. §§ 6201, 6203, 6303(a), 6213(a), and 6331. Egbert asks the court, without first requiring him to pay the tax, to quiet title to property and money already seized by the United States; quiet title to property Egbert presently owns; and to award damages caused by the Government's wrongful disclosure of confidential tax return information. The threshold issue is whether the district court has subject matter jurisdiction to consider Mr. Egbert's claims. In taking on this task the Court must untangle the network of assessment, notice, demand, lien, levy and other tax statutes that two federal courts have characterized as "unworkable" and "so complicated that even the IRS admits it cannot completely understand it." *Rodriquez v. United States*, 629 F.Supp. 333, 336 (N.D.Ill.1986) quoting *White v. Commissioner of Internal Revenue*, 537 F.Supp. 679, 689 (D.Colo.1982).

### 28 U.S.C. § 2410

It is firmly established that the United States, as sovereign, "is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 587–588, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). Any lawsuit brought against the United States which is (1) not provided for by statute, or (2) does not comply with the statutory requirements must be dismissed because it is jurisdictionally defective. See, *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Land v. Dollar*, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). Egbert first relies upon 28 U.S.C. § 2410(a) to provide a waiver of immunity giving this court a jurisdictional basis to consider the factual issues he presents. Section 2410(a) reads:

Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

(1) to quiet title to,

(2) to foreclose a mortgage or other lien upon,

(3) to partition

(4) to condemn, or

(5) of interpleader or in the nature of interpleader with respect to,

real or personal property on which the United States has or claims a mortgage or other lien. 28 U.S.C. § 2410(a).

■ It is a well established principle that a person who wishes to challenge his federal tax assessment in district court must remit his tax before seeking review, or in other words "pay first and litigate later." *Flora v. United States*, 362 U.S. 145, 164, 80 S.Ct. 630, 641, 4 L.Ed.2d 623 (1960). If, however, a taxpayer seeks to quiet title to property upon which the United States has a lien, he may bring a quiet title action in district court under section 2410(a), without paying the tax, and sovereign immunity will be waived to allow the court to determine whether the procedures used to enforce the lien were proper. *Aqua Bar & Lounge, Inc. v. United States*, 539 F.2d 935 (3rd Cir.1976). Section 2410(a) does not broadly grant jurisdiction to any taxpayer seeking to quiet title, but merely provides a limited waiver of immunity in that it does not permit a collateral attack on the merits of the tax assessment that gave rise to the lien. *Pollack v. United States*, 819 F.2d 144 (6th Cir.1987). A court will not automatically assume jurisdiction over a taxpayer's challenge to the validity of an assessment merely because the taxpayer characterizes the action as a suit to quiet title. *Id.* at 145; *Laino v. United States*, 633 F.2d 626, 633 n. 8 (2d Cir.1980). In a case which discusses the purpose of section 2410(a), Judge Friendly notes that congress did not intend to permit all taxpayers owning property, real or personal, to use § 2410 where the only

question was whether the Commissioner had erred, in fact or in law, in making the underlying assessment. *Falik v. United States*, 343 F.2d 38, 42 (2d Cir.1965).

■ It is thus apparent that a district court's consideration of a taxpayer's quiet title complaint demands a preliminary analysis of the taxpayer's reason for objecting to the government lien. If the court finds that tax assessments are not the basis for the wrongful lien, § 2410 will lift the immunity bar and provide the district court jurisdiction to consider the taxpayers argument. However, when the court determines that allegations of wrongful tax assessment provide the underpinnings for the taxpayer's lien challenge, § 2410 no longer offers jurisdictional support for the court to go further.

## 26 U.S.C. 6303

■ The factual allegation upon which all of Egbert's claims are based is that procedurally flawed tax assessments and notice requirements resulted in wrongful government liens and levies, wrongful disclosures and the wrongful sale of his property. Howard Egbert complaint, paragraph 15. Egbert further contends that he is not contesting his tax liability, rather he is only challenging the Government's alleged failure to properly serve him with a Notice of Assessment and Demand for Payment as required by 26 U.S.C. § 6303(a). Section 6303(a) reads:

Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.

Section 6321, which creates a lien on the property of a taxpayer who fails to pay taxes, states:

If any person liable to pay any tax neglects or refuses to pay the same *after demand,* the amount (including any in-

terest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto), shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. (emphasis added).

■ The government must satisfy § 6303(a) notice requirements and properly demand payment as a condition precedent to the creation of a valid tax lien. *United States v. Guon*, 442 F.2d 1021 (9th Cir. 1971), cert. denied, 404 U.S. 863, 92 S.Ct. 92, 30 L.Ed.2d 107.

Since the basis for Egbert's objection to the lien is the factual question of adequacy of the § 6303 notice and demand for payment, the Court must next determine whether the § 6303 requirement is a matter of tax lien enforcement procedure or a challenge to tax assessment procedure. At least one court decided a case differing factually from the instant case and permitted a § 2410(a) suit to challenge the validity of notice and demand procedures used in imposing a § 6321 federal tax lien. *United States v. Coson*, 286 F.2d 453 (9th Cir. 1961). In *Coson*, the district court assumed jurisdiction and considered taxpayer allegations that without proper notice, the government levied against the wrong taxpayer and the wrong property due to confusion over the existence of a partnership. Noting the language of the anti-injunction act that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court", the court nevertheless held that the prohibition did not apply to cases such as the one before it. *Coson* at 458–59. In the present case there are no facts to indicate that anyone other than Howard Egbert owed the taxes assessed against him nor is there any evidence presented suggesting that the Government placed liens on the wrong property. The Tenth Circuit recently considered a case where taxpayers who did not file returns for the years 1978 through 1983 ignored assessed tax deficiencies and challenged the resulting tax liens in a § 2410 quiet title action based upon alleged inadequate notice and demand.

*Schmidt v. United States*, 913 F.2d 837, 839 (10th Cir.1990). The *Schmidt* court refused to allow the district court to review the alleged § 6303 inadequacies without first requiring payment of assessed deficiencies and held that § 2410 does not extend to challenges for procedural irregularities in assessment or collection of taxes and that when taxpayers contest assessment and notice and demand procedures they are actually challenging the adjudication of whether they owe taxes. *Id.* *Schmidt* has drawn a bright line between tax assessment and lien enforcement procedures and placed § 6303 notice requirements on the assessment side, thus beyond the scope of a § 2410 suit.

### 26 U.S.C. 6213

■ As a further jurisdictional basis for his challenge to notice and demand procedures, Mr. Egbert relies upon a specific exception to Section 7421 of the Internal Revenue Code (known as the "Anti-Injunction Act") for claims brought under § 6213(a). Section 7421(a) generally prohibits suits that restrain the assessment or collection of taxes and reads in part:

> Except as provided in sections 6212(a) and (c), 6213(a) ... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

■ The manifest purpose of § 7421 is to withdraw jurisdiction from state and federal courts for suits seeking injunctions that prevent assessment or collection of federal taxes, allowing the United States to assess and collect taxes without judicial intervention and to require that procedural issues be determined in a suit for refund. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). The rule against enjoining assessment or collection is based on the necessity of collecting revenue promptly with a minimum of preenforcement judicial interference. *Allen v. Regents of Uni-*

*versity System*, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448 (1938).

Section 6213(a) reads in part:

... no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer ... Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the *proper court.* (emphasis added).

 Absent a showing of special circumstances, § 6213 refers to a taxpayer's right to file a petition with the tax court. *White v. Loury*, 78–1 USTC 9401, 1978 WL 1208 (DC Ohio 1978). A federal district court may consider an injunction under § 6213(a) only when the taxpayer first establishes that collection of the disputed tax would cause irreparable injury and it is apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim. *Enochs*, 370 U.S. at 6–7, 82 S.Ct. at 1128–29. Mr. Egbert's complaint fails to allege facts showing that irreparable injury will result from the payment of his taxes. Further, the Government has submitted materials revealing that its claims against Mr. Egbert are not without foundation.

Accordingly, Mr. Egbert's challenge to government compliance with § 6303 cannot be reviewed by this court until after he pays the assessed deficiency and thereafter brings a refund suit under 26 U.S.C. § 7422(a).

### 26 U.S.C. 6103

 The second count of Mr. Egbert's complaint alleges that the Government violated 26 U.S.C. § 6103(a), prohibiting the disclosure of tax return information by officers or employees of the United States except for the purposes enumerated by the statute. Egbert states that the Government negligently filed liens and levies against him in the public records of Sweetwater County and published notice of the sale of his property to the citizens of that county, all of which contained confidential tax return information, and claims damages of $10,000 or $1,000 per disclosure.

 The § 6103(a) general prohibition of disclosure furthers the Internal Revenue Code's policy of assuring taxpayers of the privacy and confidentiality of tax return information by restricting access to such information to persons who are deemed to have a material interest in them. *Cork & Seal Co. v. Pennsylvania Human Relations Com.*, 463 F.Supp. 120 (1979). However, the statute clearly permits disclosure of return information for the purposes of tax administration. Section 6103(K)(6) provides in part:

An internal revenue officer or employee may, in connection with his official duties relating to any audit, collection activity, or civil or criminal tax investigation or any other offense under the internal revenue laws, disclose return information to the extent that such disclosure is necessary ... with respect to the enforcement of any other provision of this title.

Egbert's recovery under § 6103 depends upon a finding that the Government negligently failed to comply with the required assessment and notice and demand procedures prior to recording liens and levies against him, thereby rendering public communication relating to Egbert's tax return information a negligent or wrongful disclosure. Because a determination regarding proper notice and demand cannot be made by this Court at this time for lack of jurisdiction, Mr. Egbert's wrongful disclosure claim must also be dismissed.

### 26 U.S.C. § 7402

Pursuant to 26 U.S.C. §§ 7401 and 7402(a), the United States seeks to reduce to judgment outstanding federal income tax assessments allegedly owed by Mr. Egbert for the years 1978 through 1983 in the amount of $79,633.56, plus accrued interest and penalties and minus any credits. Section 7401 provides that civil actions for the collection of taxes must be authorized by the Secretary of the Treasury and by the

Attorney General, while Section 7402(a) states in part:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs, and orders of injunction ... and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.

Because the United States' tax collection complaint was properly authorized and was filed to enforce the internal revenue laws, the Court has jurisdiction over this action under Title 28, U.S.C., Sections 1340 and 1345 and under Section 7402(a) of the Internal Revenue Code. Both parties petition for summary judgment.

## STANDARD OF REVIEW

Summary judgment should be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c).

> In considering a party's motion for summary judgment, the court must examine all evidence in the light most favorable to the nonmoving party. *Barber v. General Electric Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir.1981) ... Under [Rule 56], the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party's burden may be met when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553.
>
> Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106

S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party resisting the motion "may not rest upon the mere allegations or denials of his pleadings" to avoid summary judgment. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.* at 251, 106 S.Ct. at 2511.

*Manders v. Okl. ex. rel. Dept. of Mental Health*, 875 F.2d 263, 265 (10th Cir.1989).

## DISCUSSION

On November 17, 1983 the United States Tax Court entered a decision determining taxes and penalties in the amount of $33,369.00 owed by Howard P. Egbert for the 1978 through 1980 tax years. *Egbert v. Commissioner of Internal Revenue*, Docket No. 10256–82 (T.C.1983). The Tenth Circuit affirmed that decision on February 28, 1985 and further ruled that Mr. Egbert's appeal was frivolous. *Howard Egbert v. Commissioner of Internal Revenue*, Docket No. 84–1248 (10th Cir. 1985). Between the time that the 1983 tax court decision was entered and the government's complaint in this case was filed, nearly $16,000.00 in additional interest and statutory penalties pursuant to 26 U.S.C. §§ 6651(a), 6653(a), 6654(a) and 6661(a) has accrued to Egbert's 1978 to 1980 tax liability. The United States' complaint also includes a certified Certificate of Assessments and Payments [form 4340] indicating that Mr. Egbert owes an additional amount of over $30,000.00 in unpaid taxes, interest and penalties for 1981 through 1983 tax years.

Mr. Egbert contends that the Government has demanded payment from him without proving the existence of any assessments for the tax years in question. In an affidavit attached to his complaint, Egbert states that he requested proof of assessment of taxes from the Government pursuant to 26 U.S.C. §§ 6203 and 6303, requiring the Government to furnish a taxpayer with a copy of the record of assessment upon request, but that the Govern-

ment failed to adequately respond. Although Egbert admits that the government did provide him with a form 4340 he contends that it is not valid evidence of assessment. Egbert reasons that since neither the tax court decision nor the certificate of assessment and payment are evidence of procedurally valid assessments the claim of the United States must fail, thereby entitling him to summary judgment.

### 1978 THROUGH 1980 TAX LIABILITY

■ The United States relies upon the *res judicata* effect of the determination of the United States Tax Court to establish the amount of Egbert's tax liability for 1978 to 1980. The government contends that the tax court determination is conclusive of all matters decided therein and is not subject to challenge in this action. Mr. Egbert argues that a suit for collection of tax may not proceed until the procedural question of whether assessments were properly recorded is answered and that this question could not have been determined in tax court because an assessment can only be made subsequent to a tax court proceeding. Egbert reasons that if the question of the existence of a procedurally correct assessment was not part of the tax court proceeding, that issue was not, nor could it ever be, established through *res judicata.*

■ Once a claim of liability or nonliability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding, barring the taxpayer from challenging the liability determination. *Commissioner v. Sunnen,* 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). The final decisions of the United States Tax Court are *res judicata* and conclusive as to all matters decided therein as well as all matters which could have been decided. *Gibbs v. Commissioner,* 673 F.Supp. 1088, 1092 (N.D.Ala.1987); *United States v. Cohn,* 682 F.Supp. 209, 223 (S.D.N.Y.1988). When Mr. Egbert went before the tax court the actual issue was his entire tax liability for the taxable period 1978, 1979 and 1980. The tax court proceeding encompassed all phases of Egbert's income tax liability for those calendar years. In a situation such as this there is special force for the familiar statement that the tax court's jurisdiction once it attached, extends to the entire subject of the correct tax for a particular period. *Erickson v. United States,* 309 F.2d 760, 159 Ct.Cl. 202 (1962); *United States v. Flood,* 74–1 USTC 9174, 1973 WL 697 (D.C.Cal.1973). When an assessment is made following final decisions of the tax court, their correctness is *res judicata* for the years before that tribunal and cannot be reexamined in a collection action. *Flood,* at 9174.

■ The Secretary or his delegate may collect the unpaid tax by levy pursuant to section 6331 or by civil proceeding pursuant to section 7401. With respect to a suit to collect taxes administratively, the notice of assessment required by section 6303 plays an important role of protecting the taxpayer from the summary collection powers of the IRS. *United States v. Berman,* 825 F.2d 1053, 1059 (6th Cir.1987) quoting *United States v. Jersey Shore State Bank,* 781 F.2d 974 (3d Cir.1986), aff'd, 479 U.S. 442, 107 S.Ct. 782, 93 L.Ed.2d 800 (1987). In a civil action, however, service of the government's complaint provides the party with all the notice and protection required. *Id.* Accordingly, any failure to provide Mr. Egbert with a copy of the notice of assessment and demand for payment subsequent to the tax court's determination of liability does not bar the government's suit to collect his unpaid tax for 1978 through 1980, together with interest and penalties as provided by law.

### 1981 THROUGH 1983 TAX LIABILITY

■ As evidence of Mr. Egbert's tax liability for 1981, 1982 and 1983, the government relies upon a certified form 4340 submitted to the Court in Civil Action No. C89–0219. The form 4340 is signed by IRS officer Robert E. Wenzel certifying that it is a true transcript of all the assessments, penalties, interest, and payments on record for Howard Egbert and contains information identifying Mr. Egbert, the character of the liability assessed, the taxable period, and the date and amount of the assessment. The form additionally shows

that Mr. Egbert was audited and assessed a deficiency. The United States argues that when properly certified, form 4340 is presumptively correct evidence of a taxpayer's liability and satisfies the Government's burden of proof so that it may rest its case. Mr. Egbert attacks the sufficiency of form 4340 as valid evidence of assessment, alleging that it is inadmissible because: it is hearsay; it is computer generated data for which no foundation has been laid; and it was prepared solely for the purpose of litigation. Egbert further claims that failure to provide evidence of assessment beyond that shown in form 4340 constitutes a violation of the requirement to furnish the taxpayer a copy of the record of assessment pursuant to 26 U.S.C. § 6203. Section 6203 states:

> The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

■ When the United States supports an assessment of tax liability in a tax collection suit with a Certificate of Assessments and Payments, the certificate provides presumptive proof of a valid assessment. *United States v. Janis*, 428 U.S. 433, 440, 96 S.Ct. 3021, 3025, 49 L.Ed.2d 1046 (1976); *United States v. Strebler*, 313 F.2d 402, 403 (8th Cir.1963); *United States v. Chila*, 871 F.2d 1015 (11th Cir.1989). Once the Certificate of Assessment reveals the taxpayer's liability, the burden is on the taxpayer to overcome the certificate's presumption of accuracy by presenting countervailing proof. *Strebler*, 313 F.2d 403–04. While Mr. Egbert admits the presumptive accuracy of the 4340, he maintains that he has successfully rebutted the presumption in his affidavit. Egbert's sole rebuttal is that he requested that the IRS send him copies of the alleged assessments against him and that in response the IRS furnished him with a copy of his form 4340. He reasons that because he feels that the 4340 is not valid evidence of assessment, the Government violated the mandate of

§ 6203 and thereby rendered the 4340 invalid. Such reasoning is circular and without merit. In discussing the adequacy of form 4340 in satisfying the requirements of § 6203, the Court of Appeals in *Chila* held that there is no question but that form 4340 clearly meets the requirements of § 6203 and provides the taxpayer with all the information called for in the statute. *Chila*, 871 F.2d at 1017. Given that Mr. Egbert has produced no evidence to counter the form 4340's presumption of validity, the Court is satisfied that the United States has established that the claimed tax liability was properly assessed.

■ Lastly, Mr. Egbert disputes the admissibility of the Certificate of Assessment and Payments for summary judgment purposes. A certified form 4340 produced by a witness who did not make the form and who had no personal knowledge of its contents has been allowed as evidence by the Tenth Circuit over the objection of the taxpayer. *Holland v. United States*, 209 F.2d 516, 520 (10th Cir.1954). In *Holland* the court held that a certified Certificate of Assessments and Payments is admissible under 28 U.S.C. 1733(a). *Id.* at 521. Section 1733(a) states:

> Books or records of account or minutes of proceedings of any department or agency of the United States shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept.

The reason for this codified exception to the hearsay rule is the practical necessity for use of records where great likelihood exists public officials would have no memory respecting entries that are little more than mechanical, and the inconvenience of calling to the witness stand government officers who make thousands of similar written hearsay statements concerning events within their jurisdiction. *Wong Wing Foo v. McGrath*, 196 F.2d 120 (9th Cir.1952).

## SUMMARY

The Court finds that it lacks subject matter jurisdiction to consider Howard Egbert's allegations that procedurally flawed

**1020**

tax assessments and notice and demand requirements in violation of 26 U.S.C. sections 6303 and 6213 resulted in a deprivation of his liberty and property without due process. The proper mechanism for Mr. Egbert to pursue his claims is through a refund suit pursuant to 26 U.S.C. § 7422(a). Lack of jurisdiction to consider the aforementioned statutory violations results in a finding that the Court is unable to consider Mr. Egbert's 26 U.S.C. § 6103 wrongful disclosure claim at this time. Pursuant to 26 U.S.C. §§ 7401 and 7402(a), this Court has jurisdiction to consider the Government's suit for collection and finds that the United States has presented sufficient evidence in the form of a certified Certificate of Assessments and Payments to prevail in its motion for summary judgment. Mr. Egbert is therefore liable to the Government for unpaid taxes, interest and statutory penalties in the amount of $79,633.56 plus accrued interest and penalties as provided by law and minus any credits.

THEREFORE, IT IS ORDERED that the Complaint filed herein by Howard P. Egbert against the United States of America to quiet title, for damages due to unauthorized disclosure, for return of seized property, and demand for jury trial should be and is DISMISSED without prejudice.

IT IS FURTHER ORDERED Howard P. Egbert's cross motion for summary judgment against the United States is DENIED.

IT IS FURTHER ORDERED that United States' motion for summary judgment against Howard P. Egbert is GRANTED.