In re Donald P. TAYLOR, Debtor.

Donald P. TAYLOR, Plaintiff,

v.

UNITED STATES of America,
INTERNAL REVENUE
SERVICE, Defendant.

Bankruptcy No. 86–03503–W.
Adv. No. 90–0278–C.

United States Bankruptcy Court,
N.D. Oklahoma.

June 22, 1993.

E. John Eagleton, Tulsa, OK, for plaintiff.

James L. Long, Dept. of Justice, Tax Div., Washington, DC, for defendant.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes on to be heard upon the Cross–Motions for Summary Judgment filed by Donald P. Taylor ("Debtor") and the United States of America *ex rel.* the Internal Revenue Service ("IRS"). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Upon review of the briefs of the parties and the applicable law, the Court finds as follows.

## UNDISPUTED FACTS

1. On February 11, 1985, the IRS sent a letter to Debtor regarding unpaid withholding taxes of Delta Cattle, Inc. Attached to the letter was Form 2751, Proposed Assessment of 100 Percent Penalty, which lists the date the 941 tax return was filed, the date the tax was assessed, the specific

quarterly tax periods and the unpaid balance and penalty amount for each tax period. The penalty for the nine quarters listed totalled $117,162.26. Because the taxes had not been paid by the corporation, the IRS planned to assess a penalty against Debtor as a responsible person under 26 U.S.C. § 6672 for the total amount due. The letter directed Debtor to agree to the proposed assessment or to contact the IRS within ten days from receipt of the letter. If no response was received by the IRS within 30 days, the penalty would be assessed.

2. On March 8, 1985, Debtor sent a letter of protest to the IRS in response to its February 11, 1985 letter. In his letter, Debtor restated the specific quarterly tax periods and the respective amounts involved for each period. As grounds for his protest, Debtor argued that he was not a responsible person under § 6672 and therefore could not be assessed a penalty.

3. On March 11, 1985, the IRS mailed to Debtor Form 2749, Request for 100 Percent Penalty Assessment. This document identifies the assessment date as March 18, 1985 and lists the quarterly tax periods for which penalty assessments were due and the specific amount for each tax period as follows:

| Period Ended | Unpaid Balance | Trust Fund Portion of Outstanding Balance |
|---|---|---|
| Dec. 31, 1981 | $12,201.94 | $ 12,301.94 |
| March 31, 1982 | 27,875.86 | 17,244.04 |
| June 30, 1982 | 24,837.43 | 17,767.94 |
| Sept. 30, 1982 | 20,543.87 | 15,476.51 |
| Dec. 31, 1982 | 14,457.21 | 13,403.86 |
| June 30, 1983 | 1,405.00 | 644.04 |
| Sept. 30, 1983 | 15,196.38 | 10,266.26 |
| Dec. 31, 1983 | 25,276.49 | 16,678.37 |
| March 31, 1984 | 16,783.48 | 13,596.26 |
| **Total** | | $117,162.26 |

The form was signed and dated by a revenue officer but not by a SPI reviewer.

4. On March 18, 1985, the IRS made an assessment against Debtor pursuant to § 6672(a) for 100 percent penalty for failure to pay withholding taxes. The IRS's penalty assessment is documented by Form 4340, entitled "Certificate of Assessments and Payments." This document reflects that a penalty assessment was made against Debtor on March 18, 1985, as follows:

| Explanation of Transactions | Assessment | 23C Date | Period Ending |
|---|---|---|---|
| Penalty Assessment | $117,161.16 | 03–18–85 | 12–31–81– 12–31–82, 06–30–83– 03–31–84 |

5. A tax lien filed in Tulsa County against Debtor reflects that Debtor has been assessed $117,162.26 by the IRS for the tax period ending March 31, 1984.

6. On September 24, 1990, Debtor filed for relief under Chapter 7 of the Bankruptcy Code.

7. On May 5, 1992, this Court held that Debtor was not a responsible person and

therefore could not be held liable for the unpaid withholding taxes.

8. On March 16, 1993, the United States District for the Northern District of Oklahoma reversed this Court and found that Debtor was a responsible person of Delta Cattle and that he had willfully failed to collect and pay over the employment taxes owed to the federal government.

9. On April 8, 1993, on a motion to alter or amend judgment filed by Debtor, the District Court entered an order remanding the matter to this Court to determine whether the IRS "properly assessed" Debtor for the employment taxes at issue.

### ISSUE

The issue before the Court at this time is whether Debtor, who has been held to be a responsible officer of Delta Cattle and who willfully failed to see that the corporation paid its employment taxes, has been properly assessed these taxes and is therefore liable for them.

### ARGUMENT

Debtor's principle argument is that the IRS's penalty assessment under 26 U.S.C. § 6672(a) as evidenced by Form 4340 is invalid because it does not set forth the amounts due separately for each quarter. Debtor points out that under § 6671 and § 6665 of the Internal Revenue Code, penalties must be assessed in the same manner as taxes. It is agreed by the parties that withholding taxes must be assessed against a corporate taxpayer on a quarterly basis with the amount stated separately for each quarter. Debtor contends that by logical deduction a penalty attributable to an unpaid withholding tax must be assessed in the same manner. Debtor argues that the penalty in this case was not assessed in quarterly amounts but was assessed in one lump sum attributable to nine specific quarters. Therefore, Debtor argues he is not liable for the penalty but acknowledges that this is a very technical argument.[1]

In response, the IRS contends that while the underlying withholding tax against the corporation is by law reportable, payable and assessable on a quarterly basis, there is *no such requirement with respect to the § 6672 penalty.* Rather, § 6672 merely provides that a responsible party is liable for "a penalty equal to the *total* amount of the tax ... not accounted for and paid over." [emphasis added]. The statute is not phrased in terms of quarterly periods but rather in terms of one penalty covering the total amount of all unpaid withholding taxes.

### CONCLUSIONS OF LAW

Under the Internal Revenue Code, employers are required to withhold from the wages of employees income and social security taxes and to hold these taxes in trust for the IRS. 26 U.S.C. §§ 3102, 3402, 7501. Because the IRS is required to credit employees for the withheld taxes even if the employer fails to pay the taxes, the Code provides for imposition of 100 percent penalty against responsible persons of the corporation who willfully failed to see that the withholding taxes were paid. 26 U.S.C. § 6672.

■ Penalties incurred under § 6672 are to be assessed and collected in the same manner as taxes. 26 U.S.C. § 6671. However, the liability of one who is assessed a penalty under § 6672 is separate and distinct from the underlying liability of the employer for the withholding taxes. *Howard v. United States*, 711 F.2d 729 (5th Cir.1983); *United States v. Pomponio*, 635 F.2d 293 (4th Cir.1980); *Datlof v. United States*, 370 F.2d 655 (3rd Cir.1966), *cert. denied*, 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967).

Section 6203 of the Internal Revenue Code, which pertains to the method of assessment of taxes, provides as follows:

> The assessment shall be made by recording the liability of the taxpayer in the

---

1. Debtor also argued that the assessment was invalid because it was based on an unapproved and undated recommendation from a field collection agent. However, Debtor cited no authority for this contention nor was it urged at oral argument. Therefore, it is denied by the Court.

office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon a request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment.

The Treasury regulation to § 6203 further explains the procedure for assessment as follows:

**Method of assessment.**—The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records shall provide identification of the taxpayer, the character of the liability assessed, the taxable period if applicable, and the amount of assessment. The amount of the assessment shall in the case of the tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. The date of the assessment is the date the summary record is signed by an assessment officer. If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of the assessment, the character of the liability assessed the taxable period, if applicable, and amounts assessed.

Treas.Reg. § 301.6203–1 (1967).

Ordinarily, the IRS makes assessments by having an assessment officer fill out and sign a "Summary Record of Assessment," also known as a Form 23(c). In this case, the IRS did not provide the Court with an actual Form 23(c), but did submit a Form 4340, Certificates of Assessments and Payments.

■ Certificates of Assessments and Payments are routinely used to prove that a tax assessment has in fact been made and it is well settled that this form is accepted by courts as presumptive proof of a valid assessment. *Long v. United States*, 972 F.2d 1174 (10th Cir.1992); *United States v. Chila*, 871 F.2d 1015 (11th Cir.1989), *cert. denied*, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989). Accordingly, once the Certificate is introduced, the taxpayer bears the burden to show that the information presented is incorrect. *Fidelity Bank v. United States*, 616 F.2d 1181 (10th Cir.1980).

The Treasury regulations state that the assessment must include the following:

1. Identification of the taxpayer;
2. Character of the liability assessed;
3. Taxable period, if applicable; and
4. Amount of assessment.

The Court finds that the Form 4340 complies with all of these requirements. The Certificate lists the total amount due and sets forth the relevant quarters for which the penalty is being assessed.

■ Debtor's argument that the amount of the assessment must be listed separately for each quarter has been made and rejected by a number of courts. *See Hartnett v. United States*, 1992 WL 276647 (D.Kan. 1992); *Cutaiar v. United States*, 1992 WL 198927 (E.D.Pa.1992); *Ronsberg v. United States*, 798 F.Supp. 582 (D.N.D.1992); *McGinley v. United States*, 71 A.F.T.R.2d 93–350, 1992 WL 437638 (W.D.Pa.1992). These cases hold that a responsible person is liable for the total amount of the tax as a penalty and that there is no time period applicable in assessing the penalty.

As stated by the *Cutaiar* Court:

The need for separate quarterly assessments pertains to the corporate 941 tax liabilities which are assessed according to specific taxable periods and are not relative to assessment of a responsible person penalty. Reg.Sec. 301.6203–1 provides that a valid assessment include the identity of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. *Since an individual taxpayer has no taxable period with respect to a penalty such as the Section 6672 pen-*

*alty, the notice to taxpayer need not include any time period at all.*

Cutaiar v. United States, 1992 WL 198927 at *6 (E.D.Pa.1992) (Emphasis added).

█ Finally, the majority of courts hold that mere technical errors will not invalidate an otherwise valid assessment where the taxpayer has not been misled as to the true facts. *See Sage v. United States,* 908 F.2d 18 (5th Cir.1990); *Planned Investments, Inc.,* 881 F.2d 340 (6th Cir. 1989); *Sanderling, Inc. v. Internal Revenue,* 571 F.2d 174 (3rd Cir.1978). In this case, Debtor had actual knowledge of the various tax quarters and the respective amounts due for each tax quarter and therefore was not misled as to the amount of the penalty or the periods involved.

A separate judgment order will be entered consistent with this Memorandum Opinion.