Donald P. **TAYLOR**, Plaintiff/Appellant,

v.

**UNITED STATES of America,**
**Defendant/Appellee.**

No. 93–C–0608–E.

United States District Court,
N.D. Oklahoma.

July 18, 1994.

As Amended Oct. 17, 1994.

---

Jack R. Anderson, Riggs Abney Neal Turpen Orbison & Lewis, E. John Eagleton, Eagleton, Eagleton & Harrison, Tulsa, OK, for Donald P. Taylor.

James J. Long, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S.

### ORDER

ELLISON, Chief Judge.

Now before the Court is Donald Taylor's ("Debtor's") appeal of a final order of the United States Bankruptcy Court for the Northern District of Oklahoma, 155 B.R. 543, entered June 22, 1993. The district court acts as an appellate court when reviewing a decision of the bankruptcy court, the decision representing a conclusion of law subject to *de novo* review. 28 U.S.C. Section 158(a).[1] In determining whether the Bankruptcy Court erred in finding Debtor liable for $117,162.16

in employment taxes, this court must decide whether the United States of America *ex rel.* the Internal Revenue Service ("IRS") properly assessed a 100–percent penalty against Debtor pursuant to 26 U.S.C. § 6672.[2] For the reasons discussed below, the court affirms the Bankruptcy Court's decision.

### I. Procedural History/Summary of Facts

On February 11, 1985, the IRS sent a letter to Debtor regarding the unpaid withholding taxes of Delta Cattle Corporation ("Delta"). *See, Government Exhibit C1.* The letter was accompanied by an attached IRS form No. 2751 proposing a penalty related to nine (9) employment tax quarters totalling $117,162.26. *See, Government Exhibit C2–Proposed Assessment of 100–Percent Penalty.* The form also contained dates on which Forms 941 "Employer's Quarterly Federal Tax Returns" were filed, the dates on which taxes had been assessed against Delta, the specific quarterly tax periods, unpaid balance, and penalty amount for each quarter.

On March 8, 1985, a letter of protest was sent by Debtor to the IRS in response to the February 11, 1985 letter. *See, Government Exhibit D.* Debtor asserted that he was neither a "responsible person", nor had he willfully failed to collect and pay over said tax and, therefore, should not have been assessed a penalty under Section 6672. On March 18, 1985, the IRS assessed Debtor $117,162.16 as a 100–Percent penalty for Delta employment taxes.[3]

On September 24, 1990, Debtor filed an action to determine and discharge tax liability. The IRS' *Motion for Partial Summary*

---

1. Conclusions of law are reviewed *de novo* by the District Court. *See, In re Electronic Metal Products, Inc.,* 916 F.2d 1502, 1504 (10th Cir.1990); *In re Davidovich,* 901 F.2d 1533, 1536 (10th Cir.1990).

2. Section 6672 provides, in pertinent part: Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully

attempts in any manner to evade or defeat any such tax or the payment thereof, shall ... be liable for a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

3. *See,* Government Exhibit A–"Certificate of Assessment and Payments" (Penalty related to the nine taxable quarters in question and was assessed against Mr. Taylor for employment taxes collected but unpaid).

*Judgment,* filed on October 28, 1991 and seeking to find Debtor to be a "responsible party" was denied. After trial, on this issue, Judge Stephen J. Covey entered judgment, holding that IRS had no claim against debtor for the unpaid taxes of Delta. Defendant IRS appealed this judgment.

On March 16, 1993, the District Court reversed the order of the Bankruptcy Court and held pursuant to Section 6672, that debtor was a responsible person who willfully failed to account for and pay employment taxes withheld from the wages of Delta Cattle Corporation employees during nine quarters: the last quarter of 1981, all four quarters of 1982, the last three quarters of 1983, and the first quarter of 1984.

On or about March 29, 1993, Debtor filed a *Motion to Alter or Amend the District Court's Order* of March 16, 1993 arguing the Bankruptcy Court's decision should not have been reversed as it was not clearly erroneous; that Debtor did not have the responsibility to collect, truthfully account for, or pay over the employment taxes of Delta; and that Debtor's actions were not willful. Debtor further argues that the IRS cannot assess a single 100–percent penalty against a responsible person for multiple underlying quarters of unpaid Federal employment taxes, but is instead required to make nine separate Section 6672 assessments. Finally, Debtor urged reconsideration, arguing that the 100–percent penalty was properly assessed only for the first quarter of 1984.

The District Court entered an *Order* April 8, 1993 denying Debtor's *Motion to Alter or Amend* its prior *Order* with respect to the issue of whether the Debtor was liable as a responsible person and willfully failed to truthfully collect, account for, and pay over employment taxes of Delta. As to the issue of whether Debtor had been "properly assessed" a 100–percent penalty, the District Court remanded to the Bankruptcy Court.

On May 25, 1993, Debtor filed a *Motion for Summary Judgment* asserting that the en-tire assessment was improperly done and therefore erroneous. In the alternative, Debtor argued that only the penalty assessment due for the quarter ending March 31, 1984 was proper, but was not valid with respect to the other eight (8) quarters. The IRS filed a *Brief in Opposition to Debtor's Motion and a Crossmotion for Summary Judgment* on June 15, 1993.

The Bankruptcy Court entered its final Order on June 22, 1993, determining that the 100–percent penalty assessment was proper and that Debtor is liable for the entire assessment amount. Debtor appealed this decision on October 19, 1993.

## II.  Legal Analysis

■  Upon remand, the United States District Court having found Debtor to be a "responsible person" and denying the motion to alter or amend its prior order, is left with only the issue of whether the Bankruptcy Court erred, as a matter of law, in holding that the IRS had properly assessed Debtor a 100–percent penalty pursuant to Section 6672 for the non-payment of employment taxes.[4] The IRS must follow certain procedures in assessing a penalty (i.e. provide the identification of the taxpayer, the character of liability assessed, the taxable period, if applicable, and the amount, within three years from the filing of the return). In this case, these requirements have been met. Consequently, the Bankruptcy Court did not err as a matter of law.

The Internal Revenue Code holds any responsible person of a corporation who is required to collect tax, and who willfully fails to collect or account and pay, liable for a penalty equal to the total amount of tax evaded. *Section 6672, supra.* Debtor cites 26 U.S.C. Sections 6671 and 6665, which state in pertinent part, that penalties and liabilities shall be assessed and collected in the same manner as taxes. However, in determining its appropriateness for the case at bar, the Court finds no requirement to assess a penal-

---

4.  Courts have given a broad interpretation to the term "responsible person" under Section 6672.

*See Williams v. United States,* 931 F.2d 805, 810 (11th Cir.1991).

ty under Section 6672 in the same quarter as the non-compliance.

The criteria for assessments is made in the Secretary's office in accordance with 26 U.S.C. Section 6203. That statute requires:

1. Identification of the taxpayer;

2. Character of the liability assessed;

3. Tax period, if applicable; and

4. Amount of assessment.

*Treas. Reg. Section 301.6203–1 (1967).*

In assessing Debtor's liability, the IRS completed the "Certificate of Assessments and Payments" (IRS Form 4340). The "Certificate" identified Mr. Taylor as the taxpayer, included an explanation of the penalty assessed, along with the total amount from the tax periods in question.[5]

■ Debtor, however, does not argue that the Bankruptcy Court failed to follow the foregoing requirements. Instead, the Debtor claims that the Bankruptcy Court erred in finding liability for the $117,162.16 when the assessment occurred only in the final quarter of the nine taxable quarters at issue. Debtor again interprets Section 6671(a) to say that Section 6672 penalties are to be assessed for each underlying quarterly tax period for which the Debtor failed to pay over employment taxes. The court finds this argument unpersuasive. While *Federal Quarterly Employment Tax Returns,* (IRS Form 941) is to be filed, paid, and is assessable on a quarterly basis, the Court finds no such requirement for a Section 6672 penalty.[6] As the IRS argues, an interpretation of Section 6672 provides that a responsible person is liable for

"a penalty" equal to the total amount of unpaid tax.[7] A properly executed Form 4340 referring to tax periods making up the accrued liability invokes the "presumption of validity" as to the assessment. Once the IRS produced a copy of the tax assessment, the burden shifted to Debtor to show that the assessment against him was incorrect.[8] In this case, Debtor has neither rebutted the presumption required once the *Certificate of Assessment* revealed the taxpayer's liability, nor produced countervailing proof contrary to the assessment.

The Debtor further contends that it is necessary to separately assess the penalty for each quarter for the statute of limitations to be applied properly. Debtor argues that if the IRS is permitted to include numerous quarters in a single assessment, recorded in the last quarter, it may include quarters for which the statute of limitations had run. The law states the assessment must be made within three years of the filing of the return which is the subject of the litigation. *See,* 26 U.S.C. § 6501(a). This argument is without merit as the "Certificate of Assessment and Payment" was timely prepared for all periods. The assessment was completed within the permitted statute of limitations upon standard, accepted IRS forms.

## III. Conclusion

The Court finds upon review of the record and applicable statutory and case law, that the Bankruptcy Court did not err in determining the IRS had properly assessed a 100–percent penalty tax under Section 6672(a) against Debtor. The Debtor's argument in the alternative is therefore not applicable

---

5. Government Form 4340 is presumptively correct and provides necessary information to satisfy requirements of Treas. Reg. Section 301.6203–1. *See,* e.g., *Egbert v. United States,* 752 F.Supp. 1010, 1019 (D.Wyo.1990), *aff'd* 940 F.2d 1539 (10th Cir.) *cert. denied,* — U.S. —, 112 S.Ct. 666, 116 L.Ed.2d 756 (1991).

6. *See, Kelly v. Lethert,* 362 F.2d 629, 631–632 (8th Cir.1966) ("Responsible persons" assessed a 100–percent penalty for taxes corporation had failed to pay for four quarters).

7. A penalty assessed against a responsible person is separate and distinct from the underlying liability of the corporate employer. *See, Monday v. United States,* 421 F.2d 1210, 1218 (7th Cir. 1970); *Howard v. United States,* 711 F.2d 729, 733 (5th Cir.1983).

8. *Corigliano v. United States,* 829 F.Supp. 114, 119 (E.D.Pa.1993) (Plaintiff can show the assessment was incorrect by establishing either (1) he was not a responsible person, or (2) that he did not willfully fail to pay amount due.

where the penalty properly included all nine tax quarters. After considering the prescribed regulations and standards of assessment, the Court hereby AFFIRMS the Bankruptcy Court's recommendation.

SO ORDERED.