Opinion by
Mr. Justice Moore.
The parties appear here in inverse order of their appearance in the trial court and will be referred to as they there appeared.
In August 1959 plaintiff brought her action “for a complete adjudication of the rights of all parties with respect to” and “quieting the title of the plaintiff in” the following described real property situate in Kiowa County, to-wit:
“An undivided % interest in and to all oil, gas and other minerals in, under and that may be produced from the NE % of Section 7, Township 20 South, Range 52 West of the 6th Principal Meridian, subject to an oil and gas lease of record, to Armell and Jones and their assigns.”
Defendants Lamberson and Bolton, who were the only named defendants in the action, filed their answer and counterclaim in which they denied plaintiff’s ownership of the subject property and affirmatively alleged that they were the owners “and in possession” of all oil, gas and other minerals in, under and that may be produced from the quarter-section of land involved. Issue was joined upon the counterclaim by plaintiff’s reply which denied such ownership and possession by the defendants.
By stipulation of counsel the trial court granted leave to the defendants to amend their answer and counterclaim. The amendment consisted of the addition of three affirmative defenses to the complaint, viz: (1) actual, exclusive, open, notorious and adverse possession of the property by the defendants under claim and color of title made in good faith, under deed of conveyance and de *541 cree purporting to convey fee simple title to defendants, and the payment of taxes for more than seven years, C.R.S. ’53, 118-7-6 and 118-7-8 and 9; (2) a claim of title under a decree in condemnation entered by the District Court of the United States for Colorado, June 7, 1944, of record in Kiowa county for more than seven years, C.R.S. ’53, 118-7-11; and (3) estoppel by judgment based upon the decree above mentioned which was rendered in a proceeding in which the plaintiff and her predecessors in title were respondents. Plaintiff entered a general denial of these defenses by reply.
The cause was tried to the court and findings entered in favor of plaintiff. In conformity with the findings a decree was entered by the court in May 1959, adjudging that plaintiff was the owner in fee simple “with right to possession” of the property in dispute and quieting her title thereto. Defendants’ motion to amend the findings and for a new trial having been overruled, they are here by writ of error seeking reversal of the judgment.
The primary question for determination is — Who proved title to the real property involved; the plaintiff under her complaint, or the defendants by their counterclaim?
This is not a case of disputed facts but rather a controversy concerning applicable principles of law to facts of which there is little, if any, contention. The respective parties assert ownership of the property under two separate chains of title, both of record in Kiowa County.
Plaintiff’s claimed title embraces a United States patent to Edward Thomas dated January 29, 1919, covering, inter alia, the quarter-section of land involved; warranty deed dated January 11, 1943, from Edward Thomas and plaintiff to G. C. Bolton, conveying said quarter-section and other land, but in which the mineral rights in dispute were reserved to the grantors (grantor) Thomas; the last will and testament of Edward Thomas and order dated May 6, 1958, admitting the same to probate, devising all of the decedent’s real property to Elizabeth *542 Thomas; deeds from Elizabeth Thomas to her children conveying the mineral rights in said quarter-section and other property, and reconveyance by said children to her covering the property in controversy; and oil and gas leases dated July 11, 1956, from Elizabeth Thomas (and children) to A. J. Armell and R. L. Jones. Under this chain of title, standing alone, title to the mineral rights involved appears of record in defendant in error, Elizabeth Thomas, subject to the Armell and Jones leases.
We now turn to the chain of title under which the defendants claim ownership. It consists of the United States patent to Edward Thomas; the deed from the Thomases to G. C. Bolton in which were reserved the mineral rights in controversy; a notice of lis pendens filed for record by the United States, February 8, 1943, pursuant to a proceeding in eminent domain covering, inter alia, all of the quarter-section of land involved herein and other property; a quit claim deed dated October 22, 1943, from G. C. Bolton to F. B. Lamberson for an undivided % interest in said quarter-section of land; a Decree on Declaration of Taking rendered by the United States District Court for Colorado on June 7, 1944, covering among other property, the said quarter-section; a quitclaim deed dated April 4, 1956, from the United States to the defendants embracing with other lands, the same quarter-section of land; and a correction deed between the same parties dated August 8, 1956, describing the same land. The defendants leased the property to others June 8, 1956, for a term extending beyond the date plaintiff commenced her action in the trial court. It is apparent that at the time of the condemnation proceedings Edward Thomas, the patentee, was the owner of the mineral rights in litigation.
The notice of lis pendens in the condemnation action named Edward Thomas as a respondent and recites that the action was begun by the United States “to purchase and acquire by condemnation the absolute fee simple *543 title to the lands.” We also observe in the “Decree on Declaration of Taking” a recital that on January 11,1943, the court entered an order granting to the United States of America immediate possession of the property. The decree ordered and adjudged that title to the lands “in fee simple absolute” became vested in the United States, all subject to existing easements.
Defendants assert that the trial court erred in failing to accord absolute verity to the decree in condemnation which is the source of title of the United States of America, the immediate grantor of the defendants. The decree is shown in an abstract of title prepared by the Kiowa County Abstract Company, a Colorado corporation, which was introduced in evidence by the defendants at the trial of the case.
Plaintiff insists, and the trial court ruled, that the abstract of title as well as the other evidence produced by the defendants failed to show a complete or essential part of the judgment roll or record of the proceeding in which the decree was entered, and that under our decisions such deficiency renders the decree incompetent as proof of title to real estate. Ordinarily this is true, but the rule is not applicable to the record now under consideration as we shall see.
Defendants offered the abstract of title to show their chain of title. The trial court received the document in evidence. This was proper. C.R.S. ’53, 118-7-5, provides that “an abstract of title certified by any reputable Colorado abstracter or abstract company incorporated under the laws of the State of Colorado may be used to establish prima facie evidence that the chain of title is as shown by the abstract, except as to any of the instruments of conveyance or record thereof, or certified copy thereof, which may be offered in evidence, and the court may take judicial notice of the repute of the abstracter * * It was error to rule that the defendants must go further and introduce in evidence the judgment roll of the cause in which the decree was rendered. The *544 abstract of title was prima facie proof of the chain of title shown thereby.
If there were grounds upon which the condemnation decree could be assailed, the plaintiff was in no position to do it. Her “Reply to Amendment to Answer and Counterclaim” was only a general denial of the second, third and fourth defenses of defendants’ amendment to answer. A general denial of the validity of the decree is not sufficient to assail it. Rule 9 (e) provides:
“In pleading a judgment or decision of a court * * * it is sufficient to aver [it] without setting forth matter showing jurisdiction to render it. A denial of jurisdiction shall be made specifically and with particularity and when so made the party pleading the judgment or decision shall establish on the trial all controverted jurisdictional facts.”
The above manner of pleading is prescribed not only to simplify the pleadings relating to judgments, but also to apprise the pleader of a judgment or decision of a court that it is being challenged for jurisdictional reasons as well as the particular grounds of the attack upon it; and for the further purpose of preventing final judgments and decisions of courts from being overthrown unadvisedly.
Defendants did not plead jurisdictional facts in the third affirmative defense which alleges the decree to be of record for more than seven years under C.R.S. ’53, 118-7-11. They did not plead such facts with reference to the decree in the fourth affirmative defense of estoppel by judgment. This did not affect the third defense. In either event, if the plaintiff intended to attack the decree upon jurisdictional grounds, she was required to give notice to the defendants by specifically denying jurisdiction and alleging with particularity the grounds showing lack of jurisdiction. Under the present system of pleading, the mandatory provisions of Rule 9 (e) are not waived by the first pleader’s having alleged jurisdictional facts in support of a judgment or decree. Con *545 trary rulings by this court under the former code practice and procedure are no longer authority in Colorado.
The condemnation decree and all proceedings leading to its entry made no distinction between surface and mineral estates in the land involved. The “taking” was the absolute fee title to the land and had the effect of merging the surface and minerals into one estate. The subsequent conveyance of the property by the United States to the defendants on April 4, 1956, invested them with ownership and the right to immediate possession of the real estate, both as to the surface and minerals. C.R.S. ’53, 118-1-20.
Plaintiff denies that the defendants were in possession; and, conversely, defendants deny that the plaintiff was in possession of the minerals in controversy. These contentions are not material. We have said that in actions brought under Rule 105, R.C.P. Colo., possession is not essential to maintain or defend such an action. Siler v. Investment Co., 125 Colo. 438, 244 P. (2d) 877. An adjudication of the rights of the parties whether of ownership or possession may be made by the court. In the case now before us, ownership by the defendants of the property described in their counterclaim is sufficient for the trial court to enter a decree in their favor.
Unknown persons were also made parties defendant in the action. None appeared therein. Inasmuch as we have determined that a decree must be entered pursuant to the counterclaim in favor of defendants, there can be no decree for plaintiff against any of the defendants, known or unknown.
The judgment is reversed and the cause remanded with directions to vacate the decree entered for plaintiff and to enter a decree for defendants under their counterclaim.
Mr. Justice Day and Mr. Justice Doyle concur.