FRED M. SIMMONS AND WIFE, EUNICE S. SIMMONS v. UNITED STATES OF
   AMERICA, ACTING THROUGH THE FARMERS HOME ADMINISTRATION,
   U.S. DEPARTMENT OF AGRICULTURE, JAMES O. BUCHANAN, TRUSTEE

No. 8127SC39

(Filed 21 July 1981)

**Quieting Title § 1; Reformation of Instruments § 1.1— action to reform instrument
— no jurisdiction in State court**

   Where plaintiffs sought to remove their homeplace from a deed of trust,
   alleging that they had included their homeplace only upon representations by
   the Government that a loan of $50,000 was forthcoming and that the loan was
   never made, the trial court properly concluded that plaintiffs' action was one
   to reform an instrument on the basis of a unilateral mistake based upon
   misrepresentation and that it was without jurisdiction to hear the action, and
   there was no merit to plaintiffs' argument that their action was one in the
   nature of an action to quiet title such that the court had jurisdiction over
   defendants pursuant to 28 U.S.C. § 2410(a).

   Judge WELLS concurring in part and dissenting in part.

APPEAL by plaintiffs from *Howell, Judge.* Order entered 29
October 1980 in Superior Court, CLEVELAND County. Heard in the
Court of Appeals 4 June 1981.

Plaintiffs Fred M. Simmons and his wife Eunice S. Simmons
instituted this civil action in a complaint filed 28 December 1977
which contained the following pertinent allegations: Plaintiffs
made application to defendant United States of America acting
through the Farmers Home Administration of the U.S. Depart-
ment of Agriculture (hereinafter "the Government") for a loan of
approximately $136,000 to finance the construction of an airport
on a tract of land in Cleveland County owned by plaintiffs; as col-
lateral for the loan, plaintiffs offered the said tract, containing
31.52 acres more or less, and hereinafter referred to as Tract I;
the Government was "content and satisfied" with the collateral
offered, but "upon further consideration," the Government in-
formed plaintiffs that the loan limit was $100,000; the Govern-
ment, however, assured plaintiffs that an additional loan of
$50,000 for "purchase of equipment, maintenance, and operating
capital" would be "forthcoming"; at the request of the local office
of the Government, and because the additional loan was forthcom-
ing, plaintiffs "agreed to also offer their home containing 2.4
acres, more or less," and hereinafter referred to as Tract II, as

additional collateral for the $100,000 loan; plaintiffs would not have included Tract II as collateral "if they had not been assured by the Government that such would facilitate the closing" of the additional $50,000 loan, and the Government "had not required inclusion of the 2.4 acres as a condition for making" the $100,000 loan; on 5 February 1976 plaintiffs signed a note in the principal amount of $100,000 secured by a deed of trust to defendant James O. Buchanan, Trustee covering Tract I and Tract II, and the loan proceeds were disbursed for construction of the airport; the Government assured plaintiffs as late as the summer of 1977 that the additional $50,000 loan would be forthcoming or else the Government would "subordinate its first mortgage to a private lender"; plaintiffs expended in excess of $20,000 for operating expenses "in reliance upon the Government's assurance" through its local office that the additional $50,000 loan would be forthcoming and could be approved by the local office, and that the $50,000 loan "in fact had been approved by that office"; the promised additional financing was never extended by the Government to plaintiffs; plaintiffs have not paid the installment due on 1 January 1977; on 1 December 1977, after notice to plaintiffs, a hearing was held before the Clerk of Superior Court for Cleveland County on the Government's request for authority to foreclose on the deed of trust, and after a result in its favor the Government notified plaintiffs of its intention to hold a foreclosure sale of both tracts on 29 December 1977.

Plaintiffs sought a "moratorium" for payment of the past due installment in order to have time to secure other financing and also sought a temporary restraining order and a preliminary injunction enjoining the foreclosure sale. In addition, plaintiffs averred that they are entitled to a "release" of Tract II from the deed of trust, and since the Government "did not perform the condition upon which such land was included in the Deed of Trust," and because of a "failure of consideration," plaintiffs are "entitled to have the cloud of such Deed of Trust removed from their title to the 2.4 acre homeplace and title thereto quieted." Plaintiffs further averred that the Government could be named a party pursuant to 28 U.S.C. § 2410.

A temporary restraining order enjoining the foreclosure sale was entered on 28 December 1977. On 25 January 1978, a consent order was entered providing that the temporary restraining order

would remain in effect "until the resolution of this action." The Government answered 6 March 1978, admitting that plaintiffs approached the Government for a $136,000 loan to construct an airport, that plaintiffs offered Tract I as collateral, that the $100,000 note and deed of trust were duly executed, and that the Government instituted foreclosure proceedings when plaintiffs defaulted on the note, but denying the other material allegations of the complaint. The Government also averred that the court was without jurisdiction in that "28 U.S.C. 2410 does not confer any jurisdiction to this court or any other court" and that the Government "has not otherwise waived its sovereign immunity." The Government further alleged that defendant James O. Buchanan, Trustee was acting in his capacity as an employee of the Government at all times alleged in the complaint, and thus was not a proper party.

On 22 October 1979, defendants moved to dismiss the complaint pursuant to G.S. § 1A-1, Rule 12(h)(3), for lack of jurisdiction over the subject matter. After a hearing, the court concluded as a matter of law that "this is an action to reform an instrument on the basis of alleged mutual mistake or on the basis of a unilateral mistake based upon misrepresentation" and that the court was therefore without jurisdiction. From an order dismissing their complaint, plaintiffs appealed.

*Hamrick, Mauney, Flowers, Martin & Deaton, by W. Robinson Deaton, Jr., for the plaintiff appellants.*

*United States Attorney Harold M. Edwards by Assistant United States Attorney Jerry W. Miller; and Senior Attorney Lawrence B. Lee, Office of the General Counsel, United States Department of Agriculture, for the defendant appellee United States of America.*

HEDRICK, Judge.

Plaintiffs assign error to the court's conclusions that the action was one to reform an instrument on the basis of a unilateral mistake based upon misrepresentation and that it was without jurisdiction to hear this action, and to the order entered thereon. Plaintiffs argue that their action was in the nature of an action to quiet title such that the court had jurisdiction over defendants pursuant to 28 U.S.C. § 2410(a). We do not agree.

28 U.S.C. § 2410(a) provides:

> Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court have jurisdiction of the subject matter —
>
> (1) to quiet title to,
>
> (2) to foreclose a mortgage or other lien upon,
>
> (3) to partition,
>
> (4) to condemn, or
>
> (5) of interpleader or in the nature of interpleader with respect to,
>
> real or personal property on which the United States has or claims a mortgage or other lien.

The United States, like all sovereigns, cannot be sued except so far as it has consented to be sued. *Finch v. Small Business Administration*, 252 N.C. 50, 112 S.E. 2d 737 (1960). *See also Hudson County Board of Chosen Freeholders v. Morales*, 581 F. 2d 379 (3d Cir. 1978). 28 U.S.C. § 2410 operates as a waiver of sovereign immunity and consequently, within its ambit, allows suits to be maintained against the United States. *Hudson County Board of Chosen Freeholders v. Morales, supra; Broadwell v. United States*, 234 F. Supp. 17 (E.D. N.C. 1964), *affirmed*, 343 F. 2d 470 (4th Cir.), *cert. denied*, 382 U.S. 825, 15 L.Ed. 2d 70, 86 S.Ct. 57 (1965).

Plaintiffs concede, and we agree, that the only applicable subsection of 28 U.S.C. § 2410 in the present case is subsection (1). In order for the superior court in this case to entertain plaintiffs' action, the following requirements must be met: plaintiffs' action must be a civil action to quiet title to certain real or personal property, the court must have jurisdiction of the subject matter, and the Government must have or claim a mortgage or other lien on the affected property. Obviously the Government has a "mortgage or other lien" on the property involved in this action. Also, defendants' contentions to the contrary, it would appear that the court would have subject matter jurisdiction of this action if it

were in fact a quiet title action. *See* G.S. §§ 41-10 and 7A-240, -243. Furthermore, the subject matter jurisdiction requirement has not been much of a barrier to maintaining actions in state courts. *See Smith v. United States*, 254 F. 2d 865 (6th Cir. 1958). We note in passing that defendants' contention that the Government can only be named as a third party under 28 U.S.C. § 2410 is not supported by the cases. *See* Annot., 5 L.Ed. 2d 867 (1961) at § 8. Also, defendants' contentions with respect to the necessity for "independent grounds for jurisdiction" in addition to Section 2410 are inapposite, since the cases cited in support thereof are addressed to actions arising under Section 2410 in *federal* courts, *see Wells v. Long*, 162 F. 2d 842 (9th Cir. 1947).

We cannot say, however, that plaintiffs' action is in the nature of an action to quiet title. Plaintiffs contend that their action is one to quiet title since they are seeking to remove a "cloud on the title" of plaintiffs to the second tract. Quiet title actions have been interpreted to include actions to remove a cloud on the title of a plaintiff under both federal law, *United States v. Cosen*, 286 F. 2d 453 (9th Cir. 1961) and under G.S. § 41-10, *York v. Newman*, 2 N.C. App. 484, 163 S.E. 2d 282 (1968). In *York v. Newman, supra*, this Court stated that a cloud on title is itself a title or encumbrance, apparently valid but in fact invalid. 65 Am. Jur. 2d Quieting Title § 9 defines a cloud on title as an outstanding instrument, record, claim, or encumbrance which is actually invalid or inoperative, but which may nevertheless impair the title to the property. In our view, no such "cloud on title" appears in the present case. Plaintiffs merely seek to release Tract II from the deed of trust; they do not contend that the deed of trust is in fact invalid. We agree with the trial court that the action was one to "reform an instrument on the basis of alleged mutual mistake or on the basis of a unilateral mistake based upon misrepresentation." We point out that plaintiffs had the opportunity to seek removal of Tract II from the deed of trust when the hearing was held on the Government's petition to commence foreclosure proceedings, but they failed to do so. We hold the trial court properly dismissed plaintiffs' action for want of jurisdiction over defendants.

Affirmed.

Judge MARTIN (Harry C.) concurs.

Judge WELLS concurs in part and dissents in part.

WELLS, Judge, concurring in part and dissenting in part:

I concur with the majority holding that if the case *sub judice* be an action to quiet title, 28 U.S.C. Sec. 2410(a)(1) would operate to waive the immunity of the United States to this civil action and to give the trial court jurisdiction.

I respectfully dissent from the majority holding that this action is not an action to quiet title. I conclude that it is an action to quiet title, *see Wells v. Clayton,* 236 N.C. 102, 72 S.E. 2d 16 (1952), and *Development Co., Inc. v. Phillips,* 278 N.C. 69, 178 S.E. 2d 813 (1971), and that the judgment of the trial court should be reversed.