913 F.2d 837
 66 A.F.T.R.2d 90-5572, 90-2 USTC P 50,487
 Esley E. SCHMIDT and Mildred R. Schmidt, Plaintiffs-Appellants,
v.
Clarence M. KING, Jr., District Director, Max J. Kennedy,
Revenue Officer, Internal Revenue Service, Commissioner of
the Internal Revenue Service, United States of America, Does
I Through X Inclusive, Defendants-Appellees.
 No. 89-3240.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 6, 1990.
Rehearing Denied Nov. 16, 1990.
 
 Esley E. Schmidt and Mildred R. Schmidt, pro se.
 Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Kenneth L. Greene, and Curtis C. Pett, Attys., Tax Div., Dept. of Justice, Washington, D.C., (Benjamin L. Burgess, Jr., U.S. Atty., Wichita, Kan., of counsel), for defendants-appellees.
 Before SEYMOUR, BRORBY, and EBEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The initial issue before us in this case is whether the district court had jurisdiction to consider this action, which plaintiffs Esley E. and Mildred R. Schmidt characterize as an action to quiet title under 28 U.S.C. Sec. 2410. Because Mr. and Mrs. Schmidt were actually challenging the Internal Revenue Service's deficiency assessment and collection of taxes, which may not be attacked under the authority of section 2410, we conclude the district court lacked jurisdiction to consider this lawsuit.[1]
 
 
 2
 Mr. and Mrs. Schmidt did not file tax returns for the years 1978 through 1983. The I.R.S. thereafter assessed tax deficiencies for those years. When the Schmidts ignored the deficiencies, the I.R.S. filed liens and issued a notice of levy on eleven parcels of their property. The I.R.S. seized all of the property and sold four of the parcels. Because the tax liability was not satisfied by the sale, the I.R.S. filed additional tax liens.
 
 
 3
 Subsequently, the Schmidts filed a complaint in district court against the United States, I.R.S., and various I.R.S. employees (I.R.S.), seeking damages for assessing and collecting taxes and seizing and selling their property, and injunctive and declaratory relief to prevent the I.R.S. from engaging in future collection activities. The Schmidts primarily alleged that (1) the I.R.S. made an unlawful deficiency assessment and failed to follow proper procedure in making the assessment, (2) they are not subject to income taxes, (3) they were improperly labeled as taxpayers, and (4) the I.R.S. did not issue a notice of assessment and demand for payment prior to levying on and selling their property. Defendants filed a motion for summary judgment asserting, among other things, that the district court lacked jurisdiction under section 2410 to hear this action. The district court dismissed the portions of the complaint seeking damages and injunctive relief. The court determined that it had jurisdiction only over the claims that challenged the tax lien, levy, and sale because those claims sought to quiet title under the section 2410 waiver of sovereign immunity. Although the district court decided the I.R.S. had made a valid tax assessment, it concluded a factual question existed on whether the I.R.S. had made a proper notice of assessment and demand for payment. In a subsequent order, after defendants again filed a motion for summary judgment, the district court held that the Schmidts did receive the proper notice and demand requisite to a valid tax lien.
 
 
 4
 Although Mr. and Mrs. Schmidt raise several arguments on appeal relating to the merits of this action, we do not address those arguments because we conclude the district court lacked jurisdiction to consider this action. A suit naming the United States as a party may be brought in district court "to quiet title to ... property on which the United States has or claims a mortgage or other lien." 28 U.S.C. Sec. 2410(a). If a taxpayer seeks to quiet title to property upon which the United States has a lien, he may bring a quiet title action under section 2410(a), without paying the tax. Section 2410(a) waives the United States' sovereign immunity for actual quiet title actions. See United States v. John Hancock Mut. Life Ins. Co., 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960). Waivers of sovereign immunity under section 2410(a) must be read narrowly. See, e.g., Estate of Johnson, 836 F.2d 940, 943-44 (5th Cir.1988). Federal courts considering the issue of waiver of sovereign immunity under section 2410(a) have unanimously concluded that it may not be construed as permitting a collateral attack on the merits of a tax assessment. See, e.g., Pollack v. United States, 819 F.2d 144, 145 (6th Cir.1987); Laino v. United States, 633 F.2d 626, 633 n. 8 (2d Cir.1980); Aqua Bar & Lounge, Inc. v. United States Dep't of Treasury, I.R.S., 539 F.2d 935, 938-39 (3d Cir.1976); Rodriguez v. United States, 629 F.Supp. 333, 336 (N.D.Ill.1986); Viva Ltd. v. United States, 490 F.Supp. 1002, 1007 (D.Colo.1980).
 
 
 5
 When the taxpayer challenges the procedural regularity of the tax lien and the procedures used to enforce the lien, and not the validity of the tax assessment, sovereign immunity is waived and the district court does have jurisdiction over a quiet title action. Aqua Bar & Lounge, 539 F.2d at 939; see also Rodriguez, 629 F.Supp. at 339 (action challenging only procedure used in making levy, not merits of assessment, not contrary to rule that deficiency determination can be challenged only in Tax Court unless paid first); Yannicelli v. Nash, 354 F.Supp. 143, 151 (D.N.J.1972) (suit questioning legality of procedure used to enforce jeopardy assessment within jurisdiction of section 2410). Typically, a taxpayer with a valid quiet title action will admit any assessed taxes are due. Id.
 
 
 6
 The taxpayers in this case do not challenge the procedures used to enforce the tax lien. Rather, they attack the procedures of the assessment and notice and demand and, ultimately, the adjudication of whether they owe taxes. Section 2410 does not extend to challenges for procedural irregularities in assessment or collection of taxes. Thus, the taxpayers were required to pay their taxes first before filing an action in district court. See Falik v. United States, 343 F.2d 38, 42-43 (2d Cir.1965). Section 2410 does not waive sovereign immunity for an action such as this, and the district court therefore lacked jurisdiction to consider this action.
 
 
 7
 The judgment of the United States District Court for the District of Kansas is VACATED, and the action is REMANDED for dismissal for lack of jurisdiction.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument