Isabelle McENDREE, Plaintiff,

v.

Raymond G. WILSON, the United States of America, Acting Through the Department of the Treasury, Internal Revenue Service, Frank Leskinen, and Linda Leskinen, Defendants.

Civ. A. No. 91–F–1050.

United States District Court,
D. Colorado.

Sept. 27, 1991.

Bruce Johnson, Fredrickson & Johnson, P.C., Canon City, Colo., for plaintiff.

Michael J. Norton, U.S. Atty., Jessie A. Messenger, Sp. Asst. U.S. Atty., William G. Pharo, Asst. U.S. Atty., Denver, Colo., Stephen G. Fuerth, Chief, Civ. Trial Section, Joel J. Roessner, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant U.S., acting through the Dept. of the Treasury, I.R.S.

Raymond G. Wilson, pro se.

Frank Leskinen and Linda Leskinen, pro se.

## ORDER DENYING MOTION TO DISMISS

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on Defendant United States of America's Motion to Dismiss, filed June 24, 1991. For the reasons set forth below, the motion to dismiss is hereby DENIED.

## I.

### BACKGROUND

On April 6, 1989, Defendant Raymond G. Wilson ("Wilson") executed and delivered to plaintiff a contract for the purchase of real estate described as "Lot 4, Block 20," and known as 219 Macon Avenue, Canon City, Colorado 81212.[1] The contract was recorded in the Fremont County land records on April 7, 1989. The contract provided that Wilson would execute a promissory note in favor of Plaintiff Isabelle McEndree ("McEndree") as security for the balance of the purchase price. Contemporaneous with the execution of the contract, Wilson executed and delivered to McEndree such a promissory note, and McEndree executed and delivered to Wilson a warranty deed conveying title to the property.

Beginning on July 31, 1989, Defendant United States, acting through the Internal Revenue Service, filed three federal tax liens with the Fremont County Clerk and Recorder, against Defendant Wilson as taxpayer, and against the property at 219 Macon Avenue, Canon City.

Plaintiff filed the present action against Wilson, the United States, and other defendants in the District Court for the County of Fremont, Colorado. *McEndree v. Wilson*, No. 91–CV–133 (Colo.Dist.Ct., Fre-

---

1. All factual recitations discussed in this order have been alleged in the litigants' pleadings.

mont County, Div. II, May 16, 1991). Plaintiff's complaint alleges that the contract, promissory note, and warranty deed together created an equitable mortgage. Plaintiff further asserts that this mortgage takes priority over the federal tax liens by operation of the Colorado recording statute.

On June 18, 1991, the United States filed a notice of removal to the United States District Court for the District of Colorado pursuant to 28 U.S.C.A. §§ 1441(a) and 1446 (West Supp.1991). On June 24, 1991, Defendant United States filed a motion to dismiss for lack of subject matter jurisdiction.

## II.

## STANDARD OF REVIEW

■ Courts apply a rigorous standard of review when presented with a motion to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). In a "facial attack" on subject matter jurisdiction, the party challenging jurisdiction asserts that the complaint fails to allege facts upon which to base subject matter jurisdiction. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *1610 Corp. v. Kemp*, 753 F.Supp. 1026, 1028 (D.Mass.1991). When defending against a "facial attack," the nonmoving party enjoys the same protections it would receive in defending a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Osborn v. United States*, 918 F.2d 724 (8th Cir.1990); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). However, where the issue of subject matter jurisdiction is intertwined with the merits, dismissal on grounds of lack of subject matter jurisdiction is proper only if the claim is frivolous or clearly excluded by prior law. *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Clark v. Tarrant County*, 798 F.2d 736, 741–42 (5th Cir.1986). Courts typically consider jurisdiction and the merits intertwined when the statute at issue provides both the basis for subject matter jurisdic-

tion and the cause of action. *Clark*, 798 F.2d at 741–42.

■ Applying the Rule 12(b)(6) protections, the court must accept all factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.), *cert. denied*, 493 U.S. 820, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989). All plaintiff's pleadings must be liberally construed. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984); *FDIC v. Wise*, 758 F.Supp. 1414, 1416 (D.Colo.1991). In this action, we believe that the Plaintiff has pleaded sufficiently to overcome Defendant United States' Motion to Dismiss the Action Against the United States.

## III.

## WAIVER OF SOVEREIGN IMMUNITY FOR QUIET TITLE ACTIONS UNDER 28 U.S.C. § 2410(a)

The issue before this Court is whether this Court may entertain jurisdiction based upon a waiver of sovereign immunity under 28 U.S.C.A. § 2410(a)(1) (West 1978). Section 2410(a)(1) waives the United States' sovereign immunity in actions to quiet title to "real or personal property in which the United States has or claims a mortgage or other lien." 28 U.S.C.A. § 2410(a). As a general rule, the United States, as sovereign, "is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). We are persuaded that the present case is a quiet title action within the meaning of 28 U.S.C.A. § 2410(a)(1), and that this Court retains jurisdiction.

## IV.

## POSSESSION AND QUIET TITLE ACTIONS

Defendant United States asserts that actual or constructive possession by the

Plaintiff is necessary to maintain a quiet title action. In this case, the Plaintiff holds only a promissory note, and not actual or constructive possession of the property.

Some courts have concluded that actual or constructive possession is required to maintain a 28 U.S.C.A. § 2410(a)(1) quiet title action. *See Aqua Bar & Lounge, Inc. v. United States Dep't of Treasury,* 539 F.2d 935, 937 (3d Cir.1976); *Kasdon v. G.W. Zierden Landscaping, Inc.,* 541 F.Supp. 991, 994 (D.Md.1982). Actual or constructive possession is not necessary to maintain a 28 U.S.C.A. § 2410(a)(1) action.

## A. BROAD READING GIVEN TO 28 U.S.C.A. § 2410(A)

Most courts recognize that the words "quiet title" in 28 U.S.C.A. § 2410(a)(1) were intended to be more expansive than the common law meaning of "quiet title" actions. *United States v. Coson,* 286 F.2d 453, 457 (9th Cir.1961); *United States v. Morrison,* 247 F.2d 285, 290–91 (5th Cir. 1957); *Kasdon,* 541 F.Supp. at 994. Rather, the phrase "quiet title" is "used in a broad sense to cover a suit to remove a cloud on title." *Coson,* 286 F.2d at 457. Recognized equity principles illustrate that where the plaintiff's title is not one which gives him a right to recover possession, such as the claim of a mortgagee, the plaintiff "may sue to remove a cloud on [her] title even though [s]he is out of possession." HENRY L. MCCLINTOCK, HAND-BOOK OF THE PRINCIPLES OF EQUITY, § 193, at 522 (2d ed. 1948).

## B. FEDERAL COMMON LAW

■ Federal common law principles govern whether federal or state law defines the scope of a 28 U.S.C.A. § 2410(a)(1) quiet title action. The United States Supreme Court has held that the federal courts should create common law when the federal interests at stake justify the creation of a uniform federal law. *Clearfield Trust Co. v. United States,* 318 U.S. 363, 366, 63 S.Ct. 573, 574–75, 87 L.Ed. 838 (1943). The Supreme Court adopted a three-pronged balancing test to determine

when to create federal common law. *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 728–29, 99 S.Ct. 1448, 1458–59, 59 L.Ed.2d 711 (1979).

First, the *Kimbell* Court concluded that "when there is little need for a nationally uniform body of law, state law may be incorporated as the federal rule of decision." *Id.* at 728, 99 S.Ct. at 1458. The Supreme Court has recognized that state law could divest junior government liens in a 28 U.S.C.A. § 2410(a) action, because nothing in the legislative history precludes the application of state procedures. *United States v. Brosnan,* 363 U.S. 237, 250, 252, and n. 11, 80 S.Ct. 1108, 1116, 1117, and n. 11, 4 L.Ed.2d 1192 (1960). The *Brosnan* Court observed that "Congress must have recognized the possibility that state procedures might affect federal liens." *Id.* at 247, 80 S.Ct. at 1114.

Second, the *Kimbell* Court noted that when application of state law would frustrate a federal program, a uniform federal law should be created. *Kimbell Foods, Inc.,* 440 U.S. at 728, 99 S.Ct. at 1458. The *Brosnan* Court determined that the enforcement of federal liens would not be frustrated by application of state law absent a clear congressional finding to the contrary. *Brosnan,* 363 U.S. at 250, 252, 80 S.Ct. at 1116, 1117.

Third, the *Kimbell* Court stated that federal courts should consider any disruptions of commercial relationships predicated on state law before implementing a uniform federal rule. *Kimbell Foods, Inc.,* 440 U.S. at 728–29, 99 S.Ct. at 1458–59. Under Colorado law, possession of property is not necessary in order to maintain a quiet title action under Colo.R.Civ.P. 105. *Lamberson v. Thomas,* 146 Colo. 539, 362 P.2d 180, 183 (1961); *Siler v. Investment Sec. Co.,* 125 Colo. 438, 244 P.2d 877, 879–80 (1952). Therefore, creation of a uniform federal rule that required actual or constructive possession to maintain a quiet title action under 28 U.S.C.A. § 2410(a)(1) would threaten to disrupt preexisting commercial relationships among private lienors in Colorado, which defines quiet title actions broadly.

Applying this three-pronged balancing test, we will rely on Colorado state law, and not adopt a uniform federal common law rule. Colorado law provides that actual or constructive possession of the property is not necessary in order to maintain a quiet title action under Colo.R.Civ.P. 105. *Lamberson*, 362 P.2d at 183; *Siler*, 244 P.2d at 879–80. The rationale in *Kimbell* setting forth a balancing test justifies the application of Colorado state law to determine the eligibility of the plaintiff to maintain a quiet title action under 28 U.S.C.A. § 2410(a)(1).

## V.

### THIRD–PARTY, NON–TAXPAYER LIENORS AS PLAINTIFFS UNDER 28 U.S.C.A. § 2410(A)(1)

▮ Tenth Circuit cases deal extensively with the ability of taxpayer-plaintiffs to bring actions under 28 U.S.C.A. § 2410(a)(1). The Tenth Circuit's leading case is *Schmidt v. King*, 913 F.2d 837 (10th Cir.1990). In *Schmidt*, the plaintiffs failed to file tax returns and ignored IRS deficiency assessments. *Id.* at 838. After the I.R.S. executed on its tax liens, the plaintiffs instituted a 28 U.S.C.A. § 2410(a)(1) quiet title action. *Id.* The *Schmidt* Court held that "[w]hen the taxpayer challenges the procedural regularity of the tax lien and the procedures used to enforce the lien, and not the validity of the tax assessment, sovereign immunity is waived." *Id.* at 839. This waiver, however, is narrowly construed, and cannot be used as a broad challenge to the authority of the Internal Revenue Service. *Lonsdale v. United States*, 919 F.2d 1440, 1443 (10th Cir.1990). A taxpayer typically must admit that the assessment is proper to maintain a quiet title action. *Schmidt*, 913 F.2d at 839; *accord Egbert v. United States*, 752 F.Supp. 1010 (D.Wyo.1990).

▮ Here, the plaintiff is not the taxpayer, but a third-party. Plaintiff concedes the validity of the tax assessments against Defendant Wilson. Plaintiff prays only for declaratory relief to establish that her alleged equitable mortgage takes priority over the three federal tax liens. Therefore, we look to authorities outside the Tenth Circuit to evaluate the non-taxpayer's position as plaintiff in a 28 U.S.C.A. § 2410(a) action.

The Supreme Court has noted that the purpose of 28 U.S.C.A. § 2410(a) was "to lift the bar of sovereign immunity which had theretofore been considered to work a particular injustice on *private lienors.*" *United States v. Brosnan*, 363 U.S. 237, 246, 80 S.Ct. 1108, 1114, 4 L.Ed.2d 1192 (1960) (emphasis added). This language affirms that third-party, non-taxpayers comprise the intended beneficiaries of 28 U.S.C.A. § 2410(a).

The Fifth Circuit, in particular, has considered the ability of third-party, non-taxpayers to bring quiet title actions. In *Morrison*, 247 F.2d at 286–87, a seller of real property claimed that he held a vendor's lien on the property that took priority over federal tax liens placed on the property while in the hands of the taxpayer-purchaser. The government argued that a third-party private lienor could not maintain a 28 U.S.C.A. § 2410(a)(1) quiet title action, but must bring a 28 U.S.C.A. § 2410(a)(2) foreclosure action to assert priority over a federal tax lien. *Id.* at 289. The *Morrison* Court rejected this argument, concluding that an action to quiet title encompassed cases where a private lienor seeks "a determination that a tax lien does not exist, has been extinguished, *or is inferior in rank.*" *Id.* at 291.

The Fifth Circuit reaffirmed the principle that lien priority disputes fell within the meaning of a 28 U.S.C.A. § 2410(a)(1) quiet title action. *Estate of Johnson v. United States*, 836 F.2d 940, 946 (5th Cir.1988). In *Johnson*, the executor alleged that his interest in the estate for the purposes of paying funeral and administrative expenses was superior in priority to federal tax liens upon the decedent's property. *Id.* at 947. The *Johnson* Court held that the executor of a decedent-taxpayer's estate qualified as a third-party who was eligible to bring an action under 28 U.S.C.A. § 2410(a)(1) to quiet title. *Id.*

The present case is similar to *Morrison* and *Johnson*. Plaintiff clearly is a third-party to the tax assessment. Plaintiff alleges that she holds a valid equitable mortgage that is superior in priority to the three federal tax liens. Without expressing any opinion as to the merits of Plaintiff's alleged lien or the merits of the priority dispute, a private third-party lienor's claim of priority over a federal tax lien on property within Colorado comes within the scope of a quiet title action under 28 U.S.C.A. § 2410(a)(1).[2] Therefore, we hold that Plaintiff's claim properly alleges jurisdiction based upon 28 U.S.C.A. § 2410(a)(1).

### VI.

### APPLICABILITY OF THE DECLARATORY JUDGMENT ACT

■ Defendant United States also asserts that jurisdiction is barred by the Declaratory Judgment Act. 28 U.S.C.A. § 2201 (West Supp.1991). This Court does not agree.

■ In a quiet title action, plaintiff's remedies are limited to declaratory relief. *National Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1246-47 (10th Cir.1989); *Ringer v. Basile*, 645 F.Supp. 1517 (D.Colo.1986). Here, Plaintiff prays for declaratory relief. The Declaratory Judgment Act, however, generally prohibits declaratory relief with respect to federal tax matters. 28 U.S.C.A. § 2201.

In order for this Court to entertain jurisdiction, an exception to 28 U.S.C.A. § 2201 must be found. Courts recognize that 28 U.S.C.A. § 2410(a)(1) provides such an exception. *Estate of Johnson*, 836 F.2d at 948; *Coson*, 286 F.2d at 458-59. We have concluded that 28 U.S.C.A. § 2410(a)(1) applies to this action. Therefore, the Declaratory Judgment Act raises no jurisdictional bar.

### VII.

### ORDER

ACCORDINGLY, IT IS ORDERED:

1) Defendant United States' motion to dismiss for lack of subject matter jurisdiction is DENIED.

2) Defendants are DIRECTED to file answers on or before Friday, October 4, 1991.

3) Counsel shall explore cross motions for summary judgment with simultaneous briefing or in the alternative an agreed statement of facts and chronology of events. Counsel are to advise the court by October 25, 1991 what agreements and stipulations have been reached toward resolution of the factual and legal issues in this case.

4) The dispositive motions cutoff is SET for Monday, December 16, 1991.

---

**2.** We have considered *Jorrie v. Imperial Inv. Co.,* 355 F.Supp. 1088, 1093 (W.D.Tex.1973), and decline to adopt its narrow interpretation of 28 U.S.C.A. § 2410(a).