Franklin L. NORMAN and Jeanette
E. Norman, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civil Action No. 4:95CV115(L)(N).

United States District Court,
S.D. Mississippi,
Eastern Division.

Dec. 4, 1996.

John W. Christopher, Ridgeland, MS, for Plaintiffs.

Pshon Barrett, U.S. Attorney's Office, Jackson, MS, for Defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of the defendant United States of America to dismiss for either lack of subject matter jurisdiction or for failure to state a claim upon which relief may be granted pursuant to Rule 12(b) of the Federal Rules of Civil Procedure; alternatively, defendant moves the court for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion and the court, having considered the submissions of the parties, now concludes that defendant's motion should be granted.

Plaintiffs, both Mississippi residents, bring this claim alleging jurisdiction pursuant to §§ 1346 and 2410 of Title 28 of the United States Code. Plaintiffs contend that as a result of mutual mistake by themselves and by Farmers Home Administration, their residence and homestead was included in a deed of trust securing a loan entered into by Mr. Norman as partner in a farming enterprise. The plaintiffs request that this court reform the deed to reflect the agreement of the parties. Besides disputing subject matter jurisdiction, the government not only asserts that plaintiffs have failed to state a claim upon which relief may be granted on the basis that the government intended that the plaintiffs' homestead be included as security for the partnership's loan, but also contends that any claim that plaintiffs may have had is now time barred under 28 U.S.C. § 2409a(g).

■ Plaintiffs' contention that 28 U.S.C. § 1346(f) provides this court with subject matter jurisdiction is ill-founded. This section provides that "[t]he district courts shall have original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." Section

2409a of Title 28, to which § 1346(f) refers, is a waiver of sovereign immunity, and provides in pertinent part that

> "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, *other than a security interest* or water rights. This section does not apply to trust or restricted Indian lands, nor does it apply to or affect actions which may be or could have been brought under sections 1346, 1347, 1491, or 2410 of this title...." (emphasis added).

As the plaintiffs' action admittedly concerns a deed of trust given, though perhaps inadvertently, as security for a loan, it necessarily is not the kind of interest contemplated by § 2409a and resultantly, does not come within the ambit of § 1346(f) so as to confer subject matter jurisdiction on this court.[1] Thus, plaintiffs may not, at this time, maintain their action in federal court pursuant to § 1346(f) though it appears that they may still have a viable state law claim against the government, provided that sovereign immunity has been waived.

■ While the parties use §§ 2409a and 2410(a) interchangeably, they are actually two distinct waivers of sovereign immunity. Section 2410(a) of Title 28 states that

> [u]nder the conditions prescribed in this section and in section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
>
> (1) to quiet title
>
> (2) to foreclose a mortgage or lien upon,
>
> (3) to partition,
>
> (4) to condemn, or
>
> (5) of interpleader or in the nature of interpleader with respect to,
>
> real or personal property on which the United States has or claims a mortgage or other lien.

1. As § 2409a does not confer subject matter jurisdiction in this case, it follows that § 2409a(g)

does not supply the applicable statute of limitations.

This provision, like § 2409a, does not confer this court with jurisdiction, but instead constitutes a waiver of the government's immunity in the instances therein described. *See Shaw v. United States*, 331 F.2d 493, 496 (9th Cir.1964) (stating that § 2410 "does not, in addition to waiving sovereign immunity, confer jurisdiction upon federal courts"); *First Nat. Bank of Brownsville v. United States*, 172 F.Supp. 757, 759 (S.D.Tex.1959) ("section 2410 presupposes jurisdiction in a court having jurisdiction of subject matter and does not confer jurisdiction to sue the Government independently ...") In other words, the statute provides two avenues in which the would-be plaintiff may proceed—he may either bring his action in a federal district court, provided that an independent jurisdictional basis exists, or he may sue in a state court having jurisdiction over the subject matter. *See Hamlin v. Hamlin*, 237 F.Supp. 299, 300 (N.D.Miss.1964) (stating that § 2410 "waives immunity of the United States in an action to foreclose a lien upon real or personal property, upon which the United States has or claims to have a lien," and that "[t]his waiver expressly permits the United States to be sued in a state court having jurisdiction over the subject matter").

Plaintiffs argue that while their complaint prayed that the court would reform the deed of trust, the true nature of their action is one to quiet title to their homestead and thus falls within the bounds of § 2410. They argue, with reference to Mississippi law,[2] that insofar as the deed of trust held by Farmers Home Administration recites that it includes their five-acre homestead, it amounts to a cloud on their title. Plaintiffs, in response to defendant's motion, explain that "[t]he effect of the reformation of the deed of trust as prayed would be to cancel the deed of trust as it pertained to the five (5) acres and quiet title in the plaintiffs against the defendant...."

The government seemingly agrees that an action to remove a cloud upon title is within the reach of § 2410. It, however, urges that this court narrowly define a cloud upon one's title "as an outstanding instrument, record, claim or encumbrance which is actually invalid or inoperative, but which may nevertheless impair the title to the property." *See* 65 Am.Jur.2d *Quieting Title* § 9 (1972). As a result, the government takes the position that because plaintiffs have neither claimed, nor presented any evidence demonstrating that the deed of trust is invalid, this is not an action to quiet title pursuant to § 2410 and thus sovereign immunity has not been waived.

 Initially, the court observes that an action to remove a cloud upon title falls within the "to quiet title language" of § 2410(a). *See United States v. Coson*, 286 F.2d 453, 456 (9th Cir.1961) (stating that "it is plain that the words 'quiet title' used in subdivision (a) in that section are not intended to refer to a suit to quiet title in the limited sense in which that term is sometimes used, but that as used in the section here referred to it comprehends a suit to remove cloud upon a title of the plaintiff"); *Simmons v. United States*, 53 N.C.App. 216, 280 S.E.2d 463, 466 (1981) (stating that "[q]uiet title actions have been interpreted to include actions to remove a cloud on the title of a plaintiff under both federal" and state law). Furthermore, as to the definition of "an action to remove a cloud," while the court is cognizant that "the rights of the United States arising under nationwide federal programs" are governed by federal law, *see United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 728, 99 S.Ct. 1448, 1458–59, 59 L.Ed.2d 711 (1979), there is nothing in "sec-

---

2. M.C.A. § 11–17–31 states that

[w]hen a person not the rightful owner of any real estate, shall have any conveyance or other evidence of title thereto, or shall assert any claim, or pretend to have any doubt, or suspicion on the title of the real owner, such real owner may file a bill in chancery court to have such conveyance or other evidence of claim of title canceled, and such cloud, doubt or suspicion removed from said title, whether such real owner be in possession or not, be threat-

ened to be disturbed in his possession or not, or whether the defendant be as resident of this state or not.

Additionally, M.C.A. § 11–17–29 provides, in part, that "[t]he owner in possession of any land, ... may file a bill in the chancery court to have his title confirmed and quieted[,][and][i]f on the final hearing ... the court shall be satisfied that the complainant is the real owner of the land, it shall so adjudge...."

tion 2410 itself [which] prescribes the remedial details of the quiet title action, and for these the courts have usually turned to state law." *Harrell v. United States,* 13 F.3d 232, 234 (7th Cir.1993). *See McEndree v. Wilson,* 774 F.Supp. 1292, 1295 (D.Colo.1991) (applying state rule that actual possession was not necessary to maintain an action to quiet title under § 2410, rather than crafting federal common law requiring actual possession as "uniform federal rule would ... threaten to disrupt preexisting commercial relationships among private lienors in Colorado, which defines quiet title actions broadly"); *cf. United States v. Brosnan,* 363 U.S. 237, 241, 80 S.Ct. 1108, 1111, 4 L.Ed.2d 1192 (1960) (stating that with regard to federal tax liens the "need for uniformity in this instance is outweighed by severe dislocation to local property relationships which would result from our disregarding state procedures").

■ Turning to Mississippi law on this issue, the court agrees with plaintiff that Mississippi Code Ann. § 11–17–31 provides the definition of "an action to remove a cloud on title" in this case and that plaintiffs' claim falls within the purview of that statute. Additionally, the court agrees with the reasoning of the *McEndree* court and concludes that to use the narrow definition of an action to remove a cloud upon title as urged by the government would "threaten to disrupt preexisting commercial relationships among private lienors in [Mississippi]." *See McEndree,* 774 F.Supp. at 1295. Accordingly, the court considers that the United States has waived its sovereign immunity in this case and therefore, would be amenable to suit in the appropriate state court.[3]

For the foregoing reasons, it is ordered that the government's motion to dismiss for lack of subject matter jurisdiction is granted.

---

**3.** The waiver of immunity granted by § 2410 is subject not only to the conditions prescribed in that section but also to those set forth in § 1444. Section 1444 states that "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."

The Fifth Circuit found in *City of Miami Beach v. Smith,* 551 F.2d 1370, 1373 n. 5 (5th Cir. 1977), that § 1444 "confers a substantive right to remove, independent of any other jurisdictional limitations."